### G. J. ROGERS v. ROBERT M. SLONAKER.

1. CORONER, *Not Eligible, etc.* In this state the coroner is a county officer, and the person holding that office is not eligible to the office of county commissioner.

2. CORONER; *Resignation, When Effective.* The resignation of the person holding the office of coroner takes effect on its acceptance by the governor of the state, and until so accepted by him it is simply an offer to resign.

3. COUNTY COMMISSIONER; *Vacancy, How Filled; Void Appointment.* Where a vacancy occurs in the office of county commissioner, such vacancy must be filled by the remaining commissioners and county clerk; and where there were two commissioners remaining, and one of them and the county clerk, in the absence of the other, and without notice to him, meet, and in form appoint a person to fill the vacancy, such appointment is without effect, and void.

### *Original Proceedings in Quo Warranto.*

ACTION brought in this court, January 30, 1884, by *Rogers* against *Slonaker*, to establish the relator's right to the office of county commissioner for the second district of Anderson county, and to oust the defendant from that office. The facts are stated in the opinion, filed at the session of the court in June, 1884.

*Guthrie & Bergen,* for relator.

*W. A. Johnson,* for defendant.

The opinion of the court was delivered by

HURD, J.: The relator commenced these proceedings in this court to establish his right to the office of county commissioner for the second district of Anderson county, and for judgment of ouster from such office against the defendant. These facts are shown by the pleadings and evidence: On the morning of January 11, 1884, the county commissioners of Anderson county were N. J. Reynolds, for the first district; Lewis M. Earnest, whose term of office will expire on the second Monday of January, 1885, for the second district; and J. B. Rhodes, whose term of office expired on January

14, 1884, for the third district. W. F. Neff was the clerk, and the relator was the coroner of the county, and the term of office of each expired on January 14, 1884. On January 11, 1884, and while the board of county commissioners of the said county was in regular session, Earnest presented in writing to the other commissioners and county clerk, his resignation of the office of commissioner for the second district of the said county, but no action was then taken by them on such resignation. Earnest left Anderson county on the morning of January 12, intending not to return thereto to reside, and ceased to be an inhabitant of Anderson county. Between four and five o'clock P. M. of Saturday, January 12, Rhodes, commissioner, and Neff, clerk, met in the commissioners' room in Garnett, the county seat of said county, and in the absence of Reynolds, and without notice to him of such meeting, in form appointed the relator commissioner for the second district of the county to fill the vacancy caused by the resignation of Earnest, and his removal from the county and ceasing to be an inhabitant thereof. The relator forthwith qualified as county commissioner, and afterward, and on the same day, he and Rhodes met, as, and claimed to be, the board of county commissioners of the said county, and undertook to transact business for the county.

About the time of, or soon after, such appointment and qualification, the relator prepared his written resignation of his office as coroner, and about five o'clock P. M. of the same day it was deposited in the post office at Garnett, addressed to the governor of the state, at Topeka. At the time of such appointment of the relator as commissioner, and his qualifying as such, his resignation of his office of coroner had not been received or accepted by the governor of the state, and probably had not been written. On January 15, 1884, the commissioners of Anderson county were N. J. Reynolds, for the first, and G. A. Merriam, elected at the preceding general election for the second district, and A. D. McFadden, elected at the same time, was the clerk of said county; and on that day such commissioners and clerk accepted the resignation of Earnest as

commissioner for such second district, and, in form, appointed defendant to fill the vacancy, and he forthwith qualified, and has ever since been acting as such commissioner for the second district of the county.

In determining the rights of the parties upon these facts, little need be said beyond citing the statutes applicable thereto, which are as follows:

"The coroner is a county officer, and holds his office by election." (Comp. Laws of 1879, ch. 25, § 116.)

"The office of any county officer may become vacant by his resignation of the office, or by his ceasing to be an inhabitant of the county for which he was elected." (Ch. 25, § 218.)

"All vacancies in any state or county office, unless otherwise provided by law, shall be filled by appointment from the governor until the next general election." (Ch. 36, § 57.)

"And such appointed officer may qualify and enter upon the duties of his office immediately." (Ch. 36, § 59.)

The county officers excepted by § 57, are county commissioners, treasurer, clerk, and register of deeds. (Ch. 25, §§ 10, 42, 64, 89.)

Vacancies in the office of county commissioner must be filled by the remaining commissioners and county clerk. (Ch. 25, § 10.)

"No person holding any state, county, township or city office shall be eligible to the office of county commissioner." (Ch. 25, § 12.)

"All county officers who hold their office by election, shall make their resignations to the officer or officers authorized by law to fill the vacancy." (Ch. 25, § 216.)

The rule in relation to the resignations of officers is, that such resignations take effect on their acceptance by the officer or officers authorized to fill the vacancy, (*The State v. Clayton*, 27 Kas. 443,) and until accepted they are simply offers to resign.

The resignation of Earnest as commissioner was not accepted until January 15, and the office did not become vacant by his resignation until that day. But before the appointment of the relator, Earnest had actually removed from Anderson county with the intention of not returning thereto to reside; and by

13—32 KAS.

so removing with such intention, he ceased to be an inhabitant of the county, and his office for that cause was vacant, and such vacancy existed at the time of such appointment of the relator to the office.

It is claimed on behalf of the defendant, that at the time of the formal appointment of the relator, he was the coroner of Anderson county, and ineligible to the office of county commissioner. We think the claim well founded. The relator's term of office as coroner did not expire until January 14, 1884. He had not resigned his office of coroner at the time of the said appointment as commissioner. If he had actually written his resignation, it had not been received or accepted by the governor of the state, who is authorized by the statutes to accept his resignation of that office. The statute confers the power of appointment to fill a vacancy in the office of county commissioner on the remaining commissioners and county clerk, and they may meet and make the appointment at any time after the vacancy occurs. But in order that their appointment shall be valid, all must be present at the meeting at which the appointment is to be made, or have notice of such meeting and an opportunity to attend. Rhodes, commissioner, and Neff, county clerk, in the absence of Reynolds, and without notice to him, made their formal appointment of relator. They had no power to make the appointment in the absence of Reynolds and without notice to him, and their act in that behalf is null and void. (*Rly. Co. v. Comm'rs of Anderson Co.*, 16 Kas. 302.)

Our conclusions are that the relator does not hold, and is not entitled to the office of county commissioner for the second district of Anderson county, and the judgment of the court is that he does not hold, and is not entitled to the office.

VALENTINE, J., concurring.

HORTON, C. J.: I concur in the foregoing judgment, but desire to add that the views expressed in the opinion in no way conflict with *Privett v. Bickford*, 26 Kas. 52. In the latter case, although Privett was ineligible to hold the office

of sheriff of Harper county when the votes were cast for him for that office, his disability was legally removed before the certificate of election was issued, and before he qualified as a county officer. In this case, the relator was not eligible to the office of county commissioner when he was appointed; was not eligible when he qualified as such commissioner; and was not eligible when he undertook to transact business for the county as a member of the board of county commissioners. After his resignation of the office of coroner had been accepted, he never qualified. Further than this, the appointment of the relator was made in the absence of one of the commissioners, and without notice to him that an appointment of a county commissioner was about to be made.