THE STATE OF KANSAS, *on the relation of L. B. Kellogg, Attorney General,* v. C. M. PLYMELL.

1. Two OFFICES—*Wrong Holding.*   In this state a person holding a city office cannot hold, at the same time, the office of county commissioner.

2. EVIDENCE—*What is Shown.*   The evidence in this case examined, and *held* to show that the defendant was holding the office of city clerk of West Plains, a city of the third class, at the time he qualified and entered upon the discharge of the duties of the office of county commissioner of Meade county.

*Original Proceeding in Quo Warranto.*

ON the 29th day of April, 1890, the following petition, omitting caption, was filed in this court:

"Now comes L. B. Kellogg, attorney general of the state of Kansas, and gives the court to understand and be informed that, at the general election held November 6, 1889, in the third commissioner's district in and for the county of Meade, the defendant, C. M. Plymell, was a candidate for the office of county commissioner for said district, and received a majority of the votes cast in said district for said office, and upon the canvass of the returns of said election by the board of county commissioners of said county, sitting as a canvassing board, the defendant, Plymell, was declared to have been elected to said office, and in the month of January, 1890, the defendant entered upon the discharge of the duties of said

office, and has ever since continued to exercise the duties pertaining to said office, and is still exercising the powers, duties and privileges appertaining thereto.

"The attorney general further gives the court to understand and be informed that, at the time said election was held, at the time said canvass was made, and at the time the defendant entered upon the discharge of the duties of said office, the defendant was ineligible to be elected to said office, and is ineligible to hold the same, for the reason that at the time said election was held, and at the time the defendant pretended to qualify as such county commissioner, and at the time he pretended to enter upon the discharge of the duties of said office, the defendant was the duly-appointed and qualified city clerk of the city of West Plains, and was holding said office and performing the duties thereof, the said city then and there being duly incorporated as a city of the third class, and by virtue of the laws of the state of Kansas.

"Wherefore, the said attorney general demands judgment against the defendant, C. M. Plymell, that he be ousted from said office, and that the plaintiff have and recover of and from the defendant its costs in this behalf expended."

On the 11th day of January, 1891, the defendant filed the following answer, omitting caption:

"For answer to the petition of the said plaintiff, defendant says:

"1. Defendant admits that at the general election held November 6, 1889, in the third commissioner's district in and for the county of Meade, he received a plurality of the votes cast in said district for the office of county commissioner, and further admits that he received a certificate of election as said commissioner for the third district of said county, and further admits that he entered upon the discharge of the duties of said office in the month of January, 1890, and has ever since exercised and is now exercising the powers, duties and privileges appertaining to said office.

"2. And said defendant, for a second defense to said petition, says that at the time of the general election in Meade county, Kansas, held November 6, 1889, the city of West Plains was pretending to have been organized, and was acting as a duly-incorporated city of the third class, but that, as a matter of fact, the city of West Plains was not duly incorporated as a city of the third class. And said defendant fur-

ther admits that, at the time of said general election, he was appointed and acting as said city clerk of said pretended city of West Plains, Kas., and had qualified as said clerk before said election. But this defendant denies that at the time he qualified as county commissioner, and at the time he entered upon the discharge of the duties of his office as said commissioner, he was the appointed and qualified city clerk of said pretended city of West Plains. And this defendant further says, that subsequent to said election held in said county on the 6th day of November, 1889, he resigned the office of city clerk of said pretended city of West Plains, Kas., at an open meeting of the mayor and council of said pretended city, and that his resignation as city clerk of said pretended city was then and there duly accepted. And said defendant further says, that at no time since his resignation, and at its acceptance, which occurred on or about the 20th day of November, 1889, was he reäppointed to the said office of city clerk of said pretended city.

"3. And said defendant, for a third ground of defense to said petition, says that he denies that the said city of West Plains, Kas., was, at the time of said general election held in said county on the 6th day of November, 1889, or at any time subsequent thereto, a duly-incorporated city of the third class under and by virtue of the laws of the state of Kansas.

"4. And said defendant, for a fourth ground of defense to said petition, says that he denies each and every other allegation in said petition not hereinbefore specifically denied."

Subsequently the plaintiff filed a reply containing a general denial of all new matter. The opinion herein was filed at the session of the court in May, 1891.

*J. N. Ives*, attorney general, and *Webb & Lindsay*, for plaintiff.

*Samuel Lawrence*, and *P. L. Soper*, for defendant.

The opinion of the court was delivered by

HORTON, C. J.: In the fall of 1889, C. M. Plymell became a candidate for the office of county commissioner of the third district for Meade county, while he was holding the office of city clerk of West Plains, a city of that county, of the third class. At the election on the 6th of November, 1889, he was

successful. He subsequently qualified and acted as county commissioner. Paragraph 1622, Gen. Stat. of 1889, reads:

"No persons holding any state, county, township or city office, or any employer, officer or stockholder in any railroad in which the county owns stock, shall be eligible to the office of county commissioner."

This action was brought to oust Plymell from his office as commissioner. It is contended that he was ineligible to be elected to this office while holding the office of city clerk. It is further contended he was holding the office of city clerk of West Plains when he qualified as county commissioner, on the 26th day of November, 1889, and that he also continued to hold the office of city clerk after he entered upon the discharge of his duties as county commissioner, on the 13th day of January, 1890.

On the part of the defendant, it is admitted that he was the duly-appointed and acting clerk of the city of West Plains when he was elected to the office of county commissioner, but he claims that in November, 1889, he resigned the office of city clerk, and did not hold that office when he qualified as county commissioner, or when he entered upon the discharge of his duties as such officer.

Whether the defendant was ineligible to be elected to the office of county commissioner while holding the office of city clerk, we need not decide. The authorities upon this question are somewhat conflicting. (*The State v. Clark*, 3 Nev. 570; *Carson v. McPhitridge*, 15 Ind. 327; *The State v. Murrey*, 28 Wis. 96; *Searcy v. Grow*, 15 Cal. 121; *Brady v. Howe*, 6 Miss. 626; *The State v. Fisher*, 28 Vt. 714; *Privitt v. Bickford*, 26 Kas. 52.) We are not satisfied from the evidence introduced upon the trial that Plymell resigned his office as city clerk in good faith before the 13th day of January, 1890, when he entered upon the duties of the office of county commissioner. He testified that he resigned his office of city clerk between November 10 and 15, 1889. Two members of the city council, I. E. Smith and James Apple, support his evidence, and testify that the city council accepted his resignation. Plymell admits, how-

ever, that his resignation was not in writing, and it appears that no record thereof was kept by himself or the city council, and no written minute can be found in the recorded proceedings of the city council showing any such resignation. He testified, among other things, as follows:

"Ques. Let me ask you, Mr. Plymell, if there was not a special meeting of the city council about the 23d day of April, 1890, at which you tendered your resignation as city clerk? Ans. I think there was.

"Q. Were you city clerk at that time? A. I had resigned before, but it had not been put on the minutes of the meeting; so I handed in my resignation in writing about that time.

"Q. Who were the city council at that time? A. I. E. Smith, C. E. Woolen, O. J. Loofborrow, James Apple, and Perry Marker.

"Q. Who was the mayor? A. M. S. Parsons.

"Q. Was your resignation accepted at that time by the council? A. It was.

"Q. Did you perform any duties as city clerk of West Plains after the resignation you speak of, about November the 10th, 1889? A. After I first resigned, and after they had accepted my resignation, the acting mayor told me to act as city clerk and do the work until they could appoint another."

On February 5, 1890, Plymell, as city clerk, attested the signature of W. C. Gould, mayor, to an order to C. S. Rockey, county treasurer, in favor of E. M. Mears, the city treasurer of West Plains; and on April 21, 1890, as city clerk, he attested the signature of M. S. Parsons, mayor, to an order of C. S. Rockey, county treasurer, in favor of E. M. Mears, city treasurer of the city of West Plains.

R. W. Griggs testified that he was the county attorney of Meade county from September, 1888, until January 9, 1891; that on April 23, 1890, he wrote to Plymell informing him that he was illegally holding the office of county commissioner; that the next day he saw him, and he said, "I resigned the office of city clerk and filed a new bond," or that he would do so shortly, and that would enable him to continue in office. Moses Black testified that he is the register

of deeds for Meade county; that the defendant filed his official bond on November 27, 1889; that he filed another bond on the 24th day of April, 1890, and that he filed still another bond on the 2d day of May, 1890. W. C. Gould testified that he was the mayor of West Plains from April, 1889, until February, 1890; that the defendant was the city clerk from the spring of 1889 until February, 1890, and that he never resigned or offered to resign his office during that time. M. S. Parsons testified that he is the mayor of West Plains; that Plymell was the city clerk up to April, 1890. Henry B. Stone testified that he was a councilman of the city of West Plains from April, 1889, until January, 1890, and that Plymell was the city clerk and discharged the duties thereof during that time.

After his pretended resignation, in November, 1889, of the office of city clerk, Plymell continued to hold the office of city clerk, and continued to act as such officer for several months after he entered upon the discharge of the duties of his office of county commissioner. This is not permitted. A person holding a city office cannot, at the same time, hold the office of county commissioner. (*Rogers v. Slonaker*, 32 Kas. 191; Gen. Stat. of 1889, ¶ 1622.) Plymell violated the statute in attempting to qualify and hold the office of county commissioner for several months, while he was still city clerk.

The prayer of the petition will be granted, with costs.

All the Justices concurring.