No. 22,790.

THE STATE OF KANSAS, ex rel. RICHARD J. HOPKINS, Attorney-general, *Plaintiff*, v. THE BOARD OF EDUCATION OF THE CITY OF COUNCIL GROVE et al., *Defendants*.

SYLLABUS BY THE COURT.

OFFICER—*Resignation of Member of Board of Education—No Formal Acceptance — Recognition of Successor Tantamount to Acceptance of Resignation.* Where a member of a board of education signs a resignation and delivers it to the president thereof, and without any action having been taken thereon a successor is chosen at the following city election who is thereafter recognized as such by the other members of the board, such recognition is tantamount to an acceptance of the resignation, and by virtue thereof the title to the office of the member who so tendered it is extinguished, regardless of whether or not the election was invalid for want of a prior acceptance.

Original proceeding in mandamus. Opinion filed May 8, 1920. Motion of plaintiff for judgment on pleadings denied.

*Richard J. Hopkins,* attorney-general, *Edwin Anderson,* county attorney, and *W. M. Doggett,* of Council Grove, for the plaintiff.

*James A. Troutman,* of Topeka, for the defendants.

The opinion of the court was delivered by

MASON, J.: The state brings this original proceeding, seeking by mandamus to require the board of education of the city of Council Grove, five members of which are made defendants, to recognize M. F. Amrine as a member of that body. The case is submitted upon a motion of the plaintiff for judgment upon the pleadings, on the ground that the allegations of the answer show that the plaintiff is entitled to the relief asked. The principal question involved is whether a resignation tendered ever became effective by acceptance. The answer alleges substantially these facts:

In April, 1917, Mr. Amrine was elected to such office, and threafter duly qualified and entered upon the discharge of his duties. On November 1, 1918, he executed and delivered to the president of the board his resignation as a member thereof, and immediately thereafter left the city, going to New York to engage in work for the Young Men's Christian Association. Shortly afterwards he went to France, engaging in the war work of that organization, and remained there until the latter part of June, 1919, when he returned to Council Grove. A few days before the city election to be held on April 1, 1919, a meeting of electors of the city was held to consider school matters, and especially the personnel of the board. The president of that body was present and stated that Mr. Amrine had resigned prior to his departure for France, and that the resignation was in his hands. Several other places on the board were to be filled, and it was determined to elect a member to fill the vacancy occasioned by Mr. Amrine's resignation. The mayor and commissioners caused an official ballot to be prepared, for use at the election, designating among other officials to be elected "One to fill the unexpired term of two years of M. F. Amrine," a blank being left to write in the name of the person voted for. At the election several persons received votes for the position, including J. J. Rhodes, who upon the official canvass, held April 5, was declared elected. He immediately thereafter qualified and entered upon his duties as a member of the board, taking part in its proceedings. About June 19, 1919, Mr. Amrine appeared before the board and claimed his place as a member

thereof.  He was informed that Mr. Rhodes had been elected to the position and was then acting as a member of the board. In the following August, upon the election of a new president, Mr. Amrine renewed his request for recognition as a member, with the same result.  This action was brought January 15, 1920.

The defendants urge that this is really a proceeding to determine the title to the office, and that quo warranto and not mandamus is the appropriate remedy.  (18 R. C. L. 254.) Where one who has held a public office under an unassailable title has been superseded in its actual occupancy by methods the legality of which is questioned, possession may under some circumstances be restored to him by mandamus.  (*The State, ex rel., v. Clayton,* 27 Kan. 442; *Rogers v. Slonaker,* 32 Kan. 191, 4 Pac. 138.)  In the cases cited the occupant of the office was made a defendant, a step which has been held to be jurisdictional.  (18 R. C. L. 255, 256.)  When that has been done, the form of the remedy can have little practical effect upon the reaching of a just result.  In the present case Mr. Rhodes, the other claimant of the office, has not been made a party, but the character of the questions involved is such that, nothwithstanding this omission, the controversy will be treated as one capable of adjustment in this proceeding.

The plaintiff suggests that the answer does not allege that the resignation referred to therein was an unconditional one. In the absence of any requirement for a more specific statement the allegation that a resignation was tendered must be regarded as fairly implying that it was an ordinary document of that character, not burdened by any conditions that might qualify its effect.

The rule is, that for the resignation of a public officer to become effective, it is necessary, in the absence of any specific statutory provision, for it to be accepted (or for some action tantamount thereto to be taken) by the body authorized to fill the vacancy so created or to call an election for the purpose. (22 R. C. L. 558.)  The section of the statute relating to the filling of a vacancy in the board of education of a city of the second class reads:

"That the board of education shall have power to fill any vacancy which may occur in their body: *Provided,* That any vacancy occurring

more than ten days previous to the date provided by law for the filing of primary nomination papers and leaving an unexpired term of one or more years shall be filled at the first city election thereafter, and the ballots and returns of election shall be designated as follows: 'To fill the unexpired term of —— years.' " (Gen. Stat. 1915, § 9067.)

There may be some doubt as to the precise circumstances under which a vacancy should be filled without a popular vote, but we regard it as clear that the board of education is the proper body to accept a resignation, irrespective of the date of its tender. The resignation of Mr. Amrine appears not to have been formally accepted at any time. Therefore, at least in a technical sense, no vacancy was created ten days before the time for filing primary nomination papers (forty days) prior to the city election in 1919, and no occasion existed for the choosing of a successor at that election (*The State, ex rel., v. Clayton*, 27 Kan. 442), notwithstanding the allegations of the answer indicate a somewhat widespread understanding to the contrary.

Whether or not Mr. Rhodes has a good title to the office he has been filling, we are of the opinion that the title of Mr. Amrine thereto has been extinguished, upon these grounds: It is not necessary in order for a resignation to become effective that there shall be a formal acceptance. Any conduct on the part of the officers charged with the duty of filling the vacancy if one exists indicating a purpose to accept it is sufficient, such as the appointment of a successor, or recognizing the existence of a vacancy, or in any manner treating the resignation as operative. (*The State, ex rel., v. Meek*, 86 Kan. 576, 582, 120 Pac. 555.) Here the other members of the board in dealing with Mr. Rhodes as one of their number necessarily acquiesced in the substitution which had taken place, and recognized that a vacancy had been created by the resignation of Mr. Amrine. Whether or not this course may also be regarded as an appointment of Mr. Rhodes by the board need not be determined. We hold that it was tantamount to a formal acceptance of the resignation of Mr. Amrine, and therefore that he is no longer entitled to the office.

The motion for a judgment for the plaintiff on the pleadings is denied.