No. 22,790.

THE STATE OF KANSAS, *ex rel.*, RICHARD J. HOPKINS, as Attorney-general, *Plaintiff*, v. THE BOARD OF EDUCATION OF THE CITY OF COUNCIL GROVE et al., *Defendants.*

SYLLABUS BY THE COURT.

1. SCHOOL OFFICER—*What Constitutes an Effective Resignation of a Public Office.* A resignation of a public office to be effective must be made with the intention of relinquishing the office and it will then be of no effect unless presented to the officers having authority to receive and act upon the resignation.

2. SAME—*An Ineffective Resignation.* A statement by an officer, that he contemplates a resignation or that his statement may be regarded as a resignation upon a certain contingency, which does not occur, is without effect.

3. SAME—*Temporary Absence Not a Resignation.* Temporary absence of a public officer from the district in which he was elected cannot be regarded as a resignation.

4. SAME—*Legally Elected Officer—Ineffectual Effort to Deprive Him of the Office.* One legally elected to an office who has not resigned or been removed therefrom, may not be deprived of it merely because some of the electors of the district chose to treat the office as vacant and at an election voted for another to fill the assumed vacancy.

Original proceeding in mandamus. Opinion filed December 11, 1920. Judgment for plaintiff.

*Richard J. Hopkins,* attorney-general, for the plaintiff; *Edwin Anderson,* and *Walter M. Doggett,* both of Council Grove, of counsel.

*James A. Troutman,* of Topeka, for the defendants.

The opinion of the court was delivered by

JOHNSTON, C. J.: This proceeding involves the right of M. F. Amrine to recognition as a member of the board of education of the city of Council Grove. He had been duly elected to the office, but the board refused to recognize his right to the office on the theory that he had resigned the position and that another had been elected to succeed him. This action was then brought by the plaintiff to compel recognition.

It appears that sometime after his election he went to France, where he was engaged in war work under the direction of the Young Men's Christian Association. Shortly after arriving there he wrote a letter to J. N. Pemberton, who was president of the board, relating to his work in France and to which he added a postscript to the effect that in case Pemberton thought it best or found it necessary he might consider the statement as a resignation. Pemberton testified that he never considered the statement in the letter as a resignation, never thought it necessary to treat it as such, never presented it to the board, and that no action had ever been taken by the board towards an acceptance or a declaration that a vacancy in the office existed. There was a rumor in the city that a resignation had been tendered and some of the citizens gave consideration to the question of a vacancy and as to suitable candidates to fill it. Two proclamations of the city election of 1919 were

issued. The second one was issued on account of an omission in the first, but in neither of them was any mention made of an election to fill the vacancy in the office in question. When the official ballots were prepared, on which certain candidates for members of the school board to be regularly elected were designated, a blank line was left followed by these words: "To fill the unexpired term of two years of M. F. Amrine. Vote for one."

The election was held and upon a canvass of the votes it was found that 55 votes were cast for J. J. Rhodes, as a successor to Amrine, and 65 votes for a number of other persons. While about 450 votes were cast at the election on one of the propositions submitted to the electors, only 120 were cast for the position in question. A certificate of election was issued to Rhodes and at several meetings of the board prior to the return of Amrine he was recognized as a member of the board. Shortly after the election Amrine returned and claimed the office and made the demand for recognition as a member of the board, which was refused.

In an earlier stage of this proceeding a motion for judgment on the pleadings was made and it was then determined that under the allegations of the answer Amrine's right to the office had been extinguished. The ruling was based on the averment that he had resigned the office and upon the principle that the action taken by the board was tantamount to an acceptance of it. (*The State, ex rel., v. Board of Education,* 106 Kan. 863, 189 Pac. 915.) Following this decision the testimony was taken and under the facts as now presented it must be held that there never has been an unconditional or effective resignation.

Under the common-law theory, and the one which has been adopted in this state, the duties and responsibilities of a public officer cannot be laid down at his will or pleasure. There must be a resignation with the intention of relinquishing the office, and it is not then effective until it has been accepted by the proper authorities or they have done something that is equivalent to an acceptance. (*The State, ex rel., v. Clayton,* 27 Kan. 442; *Rogers v. Slonaker,* 32 Kan. 191, 4 Pac. 138; *The State, ex rel., v. Board of Education,* supra.) Instead of tendering an unqualified resignation to the board of education,

the authority vested with power to receive and act upon such a resignation, Amrine merely stated in a private letter written to Pemberton that upon a certain contingency his statement might be treated as a resignation. The event upon which the contingency depended did not occur, that is, Pemberton did not consider it to be necessary that he should resign and never regarded the private letter as a resignation. The statement as to the contemplated resignation of Amrine was never presented to the board by Pemberton, and instead of that it appears that he carefully concealed from the public the contingent offer that had been made. He gave the Amrine letter as to his war work to the press for publication, but withheld the postscript which referred to the qualified offer of resignation. Aside from the fact that the resignation was provisional, it was not made to the board which had authority to fill a vacancy if one had existed. It has been held that to make an effective resignation it must be presented to the officer or board having authority to fill the vacancy and that one tendered to others was of no effect. (*Vaughn v. School District,* 27 Ore. 57; *Fryer v. Norton,* 67 N. J. L. 537; *State, ex rel., v. Boecker,* 56 Mo. 17. See, also, a note in 6 A. & E. Ann. Cas. 688.) The fact that the office was named on the ballot used at the city election and the further fact that a number of electors voted for another to fill the position were wholly nugatory, if no vacancy existed. The temporary absence of Amrine from the city while he was engaged in war work cannot in any view be regarded as a resignation or an abandonment of the office. (*McGregor v. Allen,* 33 La. Ann. 870; 29 Cyc. 1404). Nor can an officer legally chosen, who has not surrendered or been removed from the office, be deprived of it merely because some of the citizens chose to treat the office as vacant and voted for another to fill the assumed vacancy.

Holding under the evidence that there was no effective resignation and no vacancy, it must be held that Amrine is entitled to the office claimed and therefore judgment is rendered for plaintiff in accordance with the prayer of the petition.