ROGERS v. CARLETON.

No. 30134. Feb. 18, 1941.

*110 P. 2d 908.*

Walter S. Mills and E. L. Mitchell, both of Clinton, for plaintiff in error.

A. J. Welch, of Clinton, for defendant in error.

GIBSON, J. This is an action in the nature of quo warranto to try title to the office of mayor of the city of Clinton.

Plaintiff below was the legally qualified and acting mayor of said city. Under the charter his term would expire April 2, 1942. On July 18, 1940, he submitted his written resignation to the city commissioners conditioned only that it become effective August 15, 1940. The resignation was accepted by order of the board on July 26, 1940. On August 9th the plaintiff filed a written withdrawal of the resignation. On August 17th, two days after the effective date of the resignation, the board of commissioners issued an order purporting to appoint the defendant to fill the office of mayor allegedly left vacant by the resignation aforesaid.

Plaintiff alleged that he could legally withdraw his resignation at any time before the effective date thereof, and that the acceptance of the resignation in the meantime was of no legal significance or force whatever. He takes the position that the acceptance of a resignation is unnecessary in this state, and insists that in such case a prospective resignation like his own, to take effect on a future date, may be withdrawn, notwithstanding the acceptance thereof before such day. 46 C. J. 980 § 135. But the trial court held to the contrary, and plaintiff appeals.

The judgment is apparently supported by the great weight of authority. The resignation of a public officer does not become effective until it is accepted by the proper authorities, unless there is a statutory provision to the contrary. 46 C. J. 978 § 129; see, also, Tooele County v. De La Mare, 90 Utah, 46, 59 P. 2d 1155; State ex rel. Hopkins v. Board of Education, 106 Kan. 863, 189 P. 915; State ex rel. Hopkins v. Board of Education, 108 Kan. 101, 193 P. 1074.

In the Kansas case first cited above (189 P. 915) the court held, as shown in the editorial syllabus, as follows:

"For the resignation of a public officer to become effective, it is necessary, in the absence of any specific statutory provision, that it be accepted, or that some action tantamount thereto be taken by the body authorized to fill the vacancy so created, or to call an election for that purpose."

And in the other Kansas case (193 P. 1074) the following language is found in the body of the opinion:

"Under the common-law theory, and the one which has been adopted in this state, the duties and responsibilities of a public officer cannot be laid down at his will or pleasure. There must be a resignation with the intention of relinquishing the office, and it is not then effective until it has been accepted by the proper authorities, or they have done something that is equivalent to an acceptance."

Unless the statute provides otherwise, the resignation should be submitted to the appointing officer.

We have no statute relating to the resignation of city officers. Neither does the charter of the city of Clinton provide the manner or form by which an

officer may resign. It merely recognizes that a vacancy occurs on resignation, and provides for appointment to fill the vacancy. In such case the common law, as modified by judicial decisions and our constitutional and statutory provisions, will ordinarily govern. Section 2, O. S. 1931, 12 Okla. Stat. Ann. § 2.

In the instant case, therefore, acceptance in some appropriate form by the city board was an important and necessary element to an effective resignation. Since acceptance was necessary and was duly accomplished in this case, it remains for us to determine whether such acceptance before withdrawal of the resignation served to end forever the plaintiff's particular official relationship to the office as of the effective date designated in the resignation, and thus to create a vacancy in the office on the latter date.

Many courts have held that a tender or offer to resign or a prospective resignation may be withdrawn at any time before acceptance. 46 C. J. 980. And the rule is that in states where acceptance is necessary, the resignation, when once accepted, is beyond recall. A complete resignation, as was the instant one, after acceptance, operates to sever the officer from the office and to create a vacancy. 43 C. J. 650. An unconditional resignation, properly tendered and accepted, cannot be revoked. State v. Grace, 113 Tenn. 9, 82 S. W. 485.

In Nevada, as plaintiff contends, a resignation to take effect in the future may be withdrawn prior to its effective date, even against the will of the body to which it is tendered, and which has accepted it, provided that such acceptance is not necessary to render it effective. State v. Murphy, 30 Nev. 409, 97 P. 391. Where acceptance is necessary, a public officer who has tendered an absolute and unconditional resignation to take effect in the future cannot withdraw the resignation after it has been duly accepted by the proper authority even though the time at which it is to take effect has not arrived. 22 R. C. L. 559, sec. 263; Murray v. State, 115 Tenn. 303, 89 S. W. 101.

Since we are governed here by the common law, and acceptance is necessary, we adopt the rule above.

The judgment is affirmed.

WELCH, C. J., CORN, V. C. J., and RILEY, OSBORN, BAYLESS, HURST, DAVISON, and ARNOLD, JJ., concur.