STATE EX REL. CHARLES W. JEWETT *v.* C. JOHN SATTI

MALTBIE, C. J., BROWN, JENNINGS, ELLS and DICKENSON, JS.

Argued May 20—decided June 12, 1947

*Richard F. Corkey,* with whom was *James E. Corkey,* for the appellant (defendant).

*E. Lea Marsh, Jr.,* and *Edmund W. O'Brien,* for the appellee (plaintiff).

JENNINGS, J. This is a proceeding in the nature of quo warranto in which Charles W. Jewett, hereinafter referred to as the plaintiff, seeks to test the legality of the appointment of the defendant to the office of compensation commissioner of the second district. The burden of proof to establish his legal title to the office is on the defendant. *State ex rel. Schenck* v. *Barrett,* 121 Conn. 237, 239, 184 A. 379. The verbiage of the pleadings is an inheritance from

a more leisurely age but the undisputed facts can be briefly stated.

Honorable Raymond E. Baldwin was elected governor to hold office for the term from the Wednesday following the first Monday of January, 1945, to the Wednesday following the first Monday of January, 1947. Governor Baldwin, in accordance with an opinion rendered by the attorney general, appointed the plaintiff compensation commissioner for the second district on December 24, 1946, for the term of five years from January 1, 1947. On and before December 24, 1946, Governor Baldwin, who had been elected a United States senator, intended to resign as governor before December 31, 1946, and did resign on December 27, 1946. Honorable Wilbert Snow was elected lieutenant governor of the state for the same term as Governor Baldwin. From and after the resignation of Governor Baldwin on December 27, 1946, he acted as governor until January 8, 1947. On December 31, 1946, he purported to appoint the defendant compensation commissioner for the second district for the term of five years from January 1, 1947. All formal acts required of both appointors and appointees were duly performed. The trial court concluded that the appointment of the plaintiff was valid and that of the defendant void and rendered judgment accordingly. No question is raised as to the form of judgment.

The appointment of five compensation commissioners was first authorized by chapter 138, § 16 of the Public Acts of 1913. It provided that upon the expiration of the term of a commissioner his "successor shall be appointed by the governor for the full term of five calendar years." In the Revision of 1918, § 5356, this provision was changed to read

690

"Upon January first, of each year, the governor shall appoint a competent person to be compensation commissioner for the term of five years." Public Acts, 1919, Chap. 142, § 9, amended this sentence to read: "On or before January first of each year, the governor shall appoint a competent person to be compensation commissioner for the term of five years." In General Statutes, Rev. 1930, § 5241, the provision is: "On or before January first of each year, the governor shall appoint a competent person to be compensation commissioner for the district in which the term of the commissioner will expire on such date, for the term of five years."

A brief discussion of the claims of the parties will narrow the issue. It appears from an exhibit annexed to the finding that every appointment since 1919 has been made in the year preceding the date of the expiration of the term, one as early as May. The defendant does not dispute the legality of these prospective appointments in view of the history and present wording of the statute, but claims that their validity must be tested as of the date when the new appointment takes effect, January 1. So tested, he claims that, since the appointing authority, Governor Baldwin, was no longer in office on that date, this particular appointment was subject to the infirmity expressed in the common-law rule that a prospective appointment cannot be made to an office the term of which does not begin until after the expiration of the term of the appointor. The plaintiff, on the other hand, claims that the legality of an appointment is to be tested as of the date when it is made, that the plain terms of the statute show that the appointment was valid at that time and that it was not affected by

Governor Baldwin's intention to resign or resignation before the new term commenced.

The general principles governing prospective appointments probably have not been better expressed than in *State ex rel. Eberle* v. *Clark,* 87 Conn. 537, 89 A. 172, 52 L.R.A.(N.S.) 912, where it is said (p. 548) : "The appointment anticipates the event, but is not to become effective until the vacancy occurs. The appointing authority was not bound to wait until the vacancy actually existed before designating his appointee. Expediency and convenience required that the appointment should be so made that when the respondent's term ended the successor might be qualified and prepared to take the office and enter upon its duties at once. While it is well settled that an officer or appointing body clothed with authority to appoint to a public office cannot, in the absence of express authority, make a valid appointment thereto for a term which is not to begin until after the expiration of the term of such appointing officer or body . . . , it is equally well established that such officer or appointing body may make a prospective appointment to fill a vacancy which is sure to occur in a public office within the time during which the appointing officer or body, as then constituted, will have authority to fill the vacancy. . . . As the vacancy in question was sure to occur during the Governor's term of office, he might, in the manner which he adopted, properly make the appointment, in anticipation of the event." The statute under discussion, providing that the appointment be made "on or before January first" affirms, as to this office, the common-law rule here recognized. This case was recently cited in *State ex rel. McCarthy* v. *Watson,* 132 Conn. 518, 524, 45 A. 2d 716, and is conclusive

of the issue in the case at bar unless the intention to resign or resignation of the governor before January 1 alters the situation. The vacancy was sure to occur within the time during which the appointing authority "as then constituted" would have the right to fill the vacancy. *Haight* v. *Love,* 39 N.J.L. 476, 481; *Whitney* v. *Van Buskirk,* 40 N.J.L. 463, 469; *State ex rel. Gahl* v. *Lutz,* 132 Ohio St. 466, 469, 9 N.E. 2d 288; *State ex rel. Nagle* v. *Stafford,* 97 Mont. 275, 284, 34 P. 2d 372.

There was nothing in the resignation of the governor before the vacancy occurred which could affect the situation. The language of the statute is plain, certain and unambiguous, and no rules of construction are required to make the intention of the General Assembly clear. *Lee Bros. Furniture Co.* v. *Cram,* 63 Conn. 433, 437, 28 A. 540. It was the duty of the governor to appoint a compensation commissioner on or before January first. The only question is whether the intention he held on December 24 to resign before January 1 would bring the case within the exception to the usual common-law rule noted in *State ex rel. Eberle* v. *Clark,* supra. Intention is a state of mind; see *Snelling* v. *Merritt,* 85 Conn. 83, 98, 81 A. 1039; *Wilcox* v. *Davis,* 4 Minn. 197, 200; and it is subject to change from day to day, indeed from hour to hour. As the plaintiff suggests, if the formal acts of the governor can be invalidated by his state of mind, "a cloud can be thrown upon his every significant and far-reaching act." It would result in appointments being made on an indefinite basis and would very likely defeat the purposes of prospective appointments as providing an opportunity for preparation on the part of the appointee, as pointed out in the *Eberle* case, supra, and as furnish-

ing continuous service by de jure officers. *State ex rel. Ryan* v. *Bailey,* 133 Conn. 40, 45, 48 A. 2d 229. An intention to resign should be and has been held to be irrelevant. *State ex rel. Nagle* v. *Stafford,* supra; and see *State ex rel. Hopkins* v. *Board of Education,* 108 Kan. 101, 104, 193 P. 1074.

The appointment by Governor Baldwin exhausted the power of his office to fill the position; it was not vacant on January 1, 1947, after the appointment of the plaintiff; and there was no authority in Governor Baldwin or in anyone else to revoke the appointment of the plaintiff or to appoint another. *Marbury* v. *Madison,* 1 Cranch (5 U.S.) 137, 157, 5 L. Ed. 135; *State ex rel. Coogan* v. *Barbour,* 53 Conn. 76, 85, 22 A. 686; *State ex rel. Scofield* v. *Starr,* 78 Conn. 636, 639, 63 A. 512; *Board of Education* v. *McChesney,* 235 Ky. 692, 697, 32 S.W. 2d 26; 42 Am. Jur. 960, § 107; note, 89 A.L.R. 135. The conclusion of the trial court was correct.

There is no error.

In this opinion the other judges concurred.