**Rev. W. L. WILSON et al., Plaintiffs,**

v.

**The OKLAHOMA CITY COUNCIL et al., Defendants.**

**No. 72-53 Civ.**

United States District Court,
W. D. Oklahoma,
Civil Division.

June 21, 1972.

Donald W. Davis, Oklahoma City, Okl., for plaintiffs.

Roy H. Semtner, James R. Fuson, Oklahoma City, Okl., for defendants.

### ORDER

DAUGHERTY, District Judge.

Plaintiffs request this Court to declare certain provisions of The Charter of The City of Oklahoma City to be unconstitutional and to enjoin Defendants, members of the City Council of Oklahoma City and the Council itself, from appointing a member to the Council to fill a vacancy therein.

The Charter provisions under attack read as follows:

"Section 4. Vacancies. Whenever a vacancy occurs in the Council by reason of death, resignation, incapacity, or removal of a member, the Council shall elect by a majority vote an eligible person from the Ward from which the vacancy occurs to fill such vacancy until the next general municipal election. Any vacancy shall then be filled by election for the unexpired term."

"Section 5. Removal by Council. Whenever any person elected to the office of Mayor or Councilman . . . is convicted of a felony or judicially declared an incompetent as defined by statute, the Council shall declare that a vacancy exists in such office and proceed to fill such vacancy or elect a successor to such official who shall serve until the next general election, at which election a person shall be elected to serve out any unexpired term in such office or to fill the next regular term in such office."

These Charter provisions as to filling vacancies in the City Council are man-dated by State law. See 11 Oklahoma Statutes § 571(a).[1]

A. L. Dowell, a convicted felon,[2] at the January 18, 1972 meeting of the Oklahoma City Council resigned his position as a City Councilman effective at the conclusion of the meeting. The resignation was accepted by the Council. At the same meeting a successor was appointed by a vote of the Council to fill this vacancy until the next general municipal election. The meeting concluded. At the following meeting the appointed successor was sworn in and then exercised the functions of his office. At the January 18, 1972 meeting of the Council, after Dowell's resignation, the Council declared his office vacant by a vote of the Council by reason of his having been convicted of a felony. It was after this action that Dowell's successor was appointed by the Council.

Plaintiffs assert that such municipal laws violate the Fourteenth Amendment to the United States Constitution and are unconstitutional. This assertion of unconstitutionality is based on Plaintiffs being deprived of an election to fill the Dowell vacancy until the next general municipal election by the Council appointing a successor to Dowell to serve until that time. Plaintiffs also complain that such appointment by the Council was made while the position was occupied. Defendants have moved to dismiss the Complaint asserting the absence of a substantial Federal question in Plaintiffs' attack on such municipal laws.

As to the claim of unconstitutionality regarding those provisions of municipal law which authorize and direct the filling of a vacancy on the City Council by appointment of the Council

---

1. This Statute provides:
 "(a) All officers elected or appointed shall be qualified electors of the city, and all councilmen and members of the school board shall be actual residents of the ward for which they may be elected, and the removal of any officer from the city, or of any councilman or member of the school board from the ward, for which he shall be elected, shall cause a vacancy in said office.

*Vacancies in office occurring from any cause whatever shall be filled by appointment by the council or school board, as the case may be."* (Italics supplied.)

2. On January 17, 1972 Dowell's Petition for Rehearing in connection with a denial of certiorari was denied by the United States Supreme Court. He is now in prison.

with service until the next general municipal election, it is clear that this type of legislative decision was reserved to the states and does not offend the United States Constitution. Tenth Amendment to the United States Constitution. See Valenti v. Rockefeller, 292 F.Supp. 851 (S.D.N.Y.1968) aff'd 393 U.S. 405, 89 S.Ct. 689, 21 L.Ed.2d 635 (1969) where the appointment to a vacancy in the United States Senate by the Governor of a State to serve until the next general election and made pursuant to State law was approved with affirmance by the United States Supreme Court. And under the One-man—One-vote legislative reapportionment decisions requirement of immediate election is not mandated. In Reynolds v. Sims, 377 U.S. 533, 84 S.Ct. 1362, 12 L.Ed.2d 506 (1964) the United States Supreme Court said:

"In substance, we do not regard the Equal Protection Clause as requiring daily, monthly, annual or biennial reapportionment, so long as a State has a reasonably conceived plan for periodic readjustment of legislative representation."

No authority has been presented to the Court or found which declares unconstitutional any state law which directs the filling of a vacancy in public office by appointment rather than by an immediate election. Moreover, historically such appointive procedure in event of vacancies in public office has been universally followed in England and in the States of this country both before and after the adoption of the Fourteenth Amendment to the United States Constitution without Constitutional objection.

Plaintiffs' other Complaint has no merit and poses no constitutional question. A vacancy on the Council was created by the resignation of Dowell and its acceptance. The subsequent removal action of the Council was unnecessary to create a vacancy. A vacancy then existed. Though Dowell's resignation, according to its terms, was not to be effective until the conclusion of the Council meeting he was without the power to withdraw such resignation after it had been duly accepted by the Council even though the time at which it was to take effect had not arrived. Rogers v. Carleton, 188 Okl. 470, 110 P.2d 908 (1941). The meeting was concluded and the condition was thereby met. The vote of the Council appointing a successor at the January 18, 1972 meeting did not effectively fill the vacancy until the following meeting when the successor was officially sworn into office and assumed his duties. At most the appointive action of the Council could only be said to be premature. If it was premature, which is doubted, the prematurity was cured or overcome by the occurrence of the event, which would have made it premature, namely, the conclusion of the meeting and the swearing in of the successor subsequent thereto.

The provisions of municipal law attacked by Plaintiffs clearly fall within the powers of the State and are constitutional. In this attack and otherwise Plaintiffs fail to raise a substantial Federal question in their Complaint. The same is therefore dismissed.