**James MICKLE, Appellant,**

v.

**LATIMER COUNTY, Oklahoma, and The Board of County Commissioners of Latimer County, Oklahoma, Appellees.**

**No. 70786.**

Court of Appeals of Oklahoma, Division No. 1.

May 22, 1990.

William L. Welch, Wilburton, for appellant.

Gary E. Negen, Asst. Dist. Atty., Wilburton, for appellees.

OPINION

GARRETT, Presiding Judge:

James Mickle (Appellant) was Sheriff of Latimer County. On February 25, 1988, Appellant deposited his resignation, to be effective February 29, 1988, with the County Clerk of Latimer County. Subsequent to depositing the resignation with the county clerk, but prior to the effective date, Appellant contends he changed his mind and contacted the County Clerk about having his resignation returned to him.

The resignation was not returned to him until February 29, 1988. On that day, the Board of County Commissioners (the Board) met. Appellant returned the resignation to the County Clerk that day, after being informed that criminal charges would be filed against him if it were not returned.[1] The Board resumed its meeting,

---

**1.** The minutes from the Board's meeting on February 29, 1988, include the following:

Edlestein (sic) & Negan were present to discuss the resignation of the Sheriff. No resignation had been presented at this time. DA asked where the letter was as he knew one had been given to the County Clerk. Adams advised the letter had been picked up by Mickle as he wished to withdraw his resignation. Edlestein (sic) stated it was not possible to withdraw. "I

but reserved the issue of Appellant's resignation until March 2, 1988, when a special meeting was held. On March 2, 1988, the Board was advised by District Attorney Edelstein that a vacancy existed because the effective date, February 29, 1988, had passed. Appellant was present at the meeting and stated: "Let the record show that I did ask to have my resignation pulled before it became a legal document. I asked to have it returned to me. Until it is acted upon, it is not a legal document." The Chairman said it was legal and effective, and there was discussion about taking applications to fill the position.

Appellant filed a declaratory judgment action against Latimer County, and the Board of County Commissioners of Latimer County (Appellees), seeking judgment that the office of Latimer County Sheriff was not vacant, that he remained the sheriff, and that procedures initiated to replace him were illegal and inappropriate. The trial court entered judgment in favor of Appellees. The court, in effect, found, *inter alia:* Appellant "tendered, filed and deposited" his written resignation with the county clerk on February 25, 1988, to be effective February 29, 1988; a resignation by a county officer is not required to be accepted by the County Commissioners; County Commissioners are not authorized to accept or reject resignations filed in proper form; Appellant's resignation became effective at 12:01 A.M. February 29, 1988; and, any attempt to withdraw it would be void after 12:01 A.M., February 29, 1988.

Appellees' motion to dismiss, contained in the response to the petition in error, addresses the merits of this appeal and is denied.

Appellant contends: (1) the trial court erred in failing to rule that a county officer has a right to withdraw a resignation containing an effective date in the future, that has been deposited with the county clerk for presentation to the Board; (2) the trial court erred in failing to recognize that the Board is the proper authority to determine and fill vacancies in the office of county sheriff, and that the only duty of the county clerk is to transmit a letter of resignation to the Board for action; (3) the trial court erred in failing to rule that the withdrawal of the resignation, under these circumstances, removed from the Board the right to take any action on the resignation; and, (4) the trial court erred in failing to rule that the letter presented to the Board at 1:30 P.M. on February 29, 1988, had been withdrawn, was not voluntarily before the Board, and was therefore not a proper subject for their consideration.

Appellant cites *Rogers v. Carleton,* 188 Okl. 470, 110 P.2d 908 (1941), for authority that the resignation of a public official is not effective until accepted, unless there is a statutory provision to the contrary. *Rogers* is distinguishable from the present case. It related to the resignation of a municipal officer. The resignation was to become effective on a date certain in the future, and the city board of commissioners accepted the resignation on a date prior to the effective date. The municipal officer attempted to withdraw his resignation following the board's acceptance, but at a time before the effective date of the resignation. The trial court held the resignation was effective upon acceptance by the board, notwithstanding the effective date stated in the resignation had not yet passed. In *Rogers,* there was no pertinent statute to consider governing resignations of municipal officers. The Supreme Court held that the common law would govern; and, acceptance by the city board was necessary for an effective resignation. The Supreme Court affirmed the trial court.

In the present case, the pertinent statute is 51 O.S.1981 § 9 which provides:

§ 9. Resignations

Resignations may be made as follows:

.      .      .      .      .

4. Of elective county officers, by filing or depositing such resignation in writing in the office of the county clerk, except that of county clerk, which shall be filed or deposited with the board of county

am prepared to spend my lunch hour preparing documents to swear out two warrants, one for the county clerk and one for the sheriff if that letter is not returned."

commissioners, which resignations, unless a different time is fixed therein, shall take effect upon such filing or deposit.

In *State v. Breckinridge*, 34 Okl. 649, 126 P. 806, 808 (1912), the Supreme Court addressed the issue of the effective date of a resignation of a county attorney and his eligibility for being commissioned as judge of the superior court. The resignation was submitted to the office of the county clerk, to be effective the same day. In ruling the resignation to have taken effect, the Court stated:

> [N]o one disputes the fact that at the time the commission as judge was received by defendant the resignation was, in fact, in the office and on the desk of the county clerk. The statute does not in terms require it to be filed. It only requires it to be deposited in the office of the county clerk, etc. Webster's International Dictionary defines the word deposited thus: "That which is deposited, or laid or thrown down." "That which is placed anywhere, or in any one's hands, for safe-keeping."
>
> We do not wish to be understood as meaning that a resignation, surreptitiously slipped into the office of the clerk, would meet the letter or spirit of the law; but that where it is open by those in charge, even temporarily, and the attention of the clerk is called to it, as in this case, that it was deposited therein within the meaning of the law....

See also *Wilmoth v. State*, 75 Okl.Cr. 369, 131 P.2d 774 (1942).

In *Adams v. Wallace*, 94 Okl. 95, 221 P. 16 (1923), the effective time of a resignation of a district judge was at issue. Therein, a judge submitted his resignation to be effective on a date in the future. On that date the judge held court to consider a motion for new trial. The Court held that the judge's term had expired, and his successor's term had begun on that date. The former judge had no authority to entertain the motion when court was opened that morning.

In the instant case, the trial court ruled that at 12:01 a.m., Appellant's resignation took effect. At that time, the resignation was still in the hands of the county clerk. Even though Appellant retrieved the resignation prior to the Board's meeting, it had become effective.

It is unnecessary to decide whether Appellant had the right to withdraw the resignation prior to its effective date. While he contends he orally advised the county clerk and Commissioner Glenn that he wished to withdraw the resignation, no written withdrawal was deposited with the clerk. The written resignation remained "deposited" with the county clerk until the date it was to take effect. After it became effective it could not be withdrawn.

AFFIRMED.

HUNTER, V.C.J., and MacGUIGAN, J., concur.