[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON DEFENDANTS' MOTION TO DISMISS
In this action of Quo Warranto, the plaintiffs, Keith Ainsworth, First Selectman of the Town of Haddam and the plaintiff, Michael Jordan, a tax payer of the Town of Haddam, seeks to require the defendant, Robert Rothstein, to answer to this court by what warrant he claims to hold the office of Building Official.
The defendant has filed a motion to dismiss the complaint claiming; (1) Defendant holds the position of Building Official and no qualified successor has been appointed, thus the action in quo warranto is not ripe for adjudication, and (2) The plaintiffs have failed to exhaust available administrative remedies.
Quo Warranto literally, by what authority, is a high CT Page 13140 prerogative writ at common law. It is a writ of inquiry as to the warrant for doing the acts of which the complaint is made and the remedy or proceeding by which the sovereign or state determines the legality of a claim which a party asserts to the use or exercise of an office or franchise and ousts the holder from its enjoyment, if the claim is not well founded, or if the right to enjoy the privilege has been forfeited or lost. 44 Am J1st Quo W. Sec. 2.
Connecticut has adopted this common law action. "When any person or corporation usurps the exercise of any office, franchise or jurisdiction, the Superior Court may proceed, on a complaint in the nature of Quo Warranto, to punish such person or corporation for such usurpation, according to the course of common law. Gen. Stat. Sec. 52-491.
In this proceeding the burden of proof is upon the defendant to establish his legal right to office. State ex rel. Jewett v.Satti, 133 Conn. 687, 688 (1947).
The defendant has been serving as Building Official since March 6, 1986.
In lieu of filing a responsive pleading the defendant has elected to file a Motion to Dismiss the Complaint for the reasons stated above. The defendants' stance presumes that he legally occupies the office and that the writ of Quo Warranto is not ripe for adjudication. This court disagrees.
The defendants reasoning is circuitous in that he asserts, as valid, his claim that he hold his office legally, the very fact that he is required to prove, as his burden, in the action of quo warranto.
Accordingly, the defendants Motion to Dismiss is denied and the parties are to proceed in quo warranto.
SPALLONE JUDGE TRIAL REFEREE