[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is a quo warranto action seeking to remove the defendant, John D. Murphy, (hereinafter "Murphy") from the position of Commander in the East Hartford Police Department. A quo warranto action seeks to remove an illegal office holder and declare the position vacant. The title to be challenged must be a public office. Police officers are public officers.New Haven Firebird Society v. Board of Fire Commissioners, 219 Conn. 432,436-7 (1991); see also Palmer v. Jackson, J.D. of Tolland, Docket No. CV 97 62635 S, February 24, 1997, Rittenband, J. Evidence was produced at the hearing before this Court on September 7, 2001 that the plaintiff is a taxpayer in the Town of East Hartford which the Court so finds. Therefore, the Court has jurisdiction of this matter.
The plaintiff and the defendants submitted briefs and reply briefs, the latter being dated September 24, 2001.
The major issue in this case is the plaintiff's claim that the appointment of Murphy to the temporary rank of Commander on June 12, 2000 by acting Chief of Police Mark Sirois (hereinafter "Sirois") violated the Town of East Hartford's Personnel Rules (Merit System), Plaintiff's Exhibit 6. Plaintiff contends that there is no appointment in the category of "acting" and that the relevant categories in this case are "temporary appointment" and "provisional appointment". Plaintiff claims that Murphy was given a temporary appointment which plaintiff claims was illegal under the East Hartford merit selection process. All parties believe that once a quo warranto action is brought, the burden of proof is upon the defendants to establish, by a preponderance of the evidence, the defendant's, Murphy's, legal right to the office of Commander.[1]
This is well-settled law as stated in State ex rel Jewett v. Satti,133 Conn. 687, 688 (1947). CT Page 13468-he
 ISSUES
The principal issue is the applicability of the definition of Provisional Appointment in Section 11.1 of the Personnel Rules (hereinafter "Rules") and the applicability of Sections 30.1 and Section 30.1d thereof.[2] The Court finds the appointment of Murphy was not a Temporary Appointment as specified in Paragraph (1) of Section 30.1d.[3]
Rather, it was an "Appointment of a Temporary Nature" with the sub-category of Provisional Appointment. Although there is nothing in the written record designating the appointment as a Provisional Appointment, a Provisional Appointment is still an Appointment of a Temporary Nature. The fact that Chief Sirois did not specify the sub-category of Provisional Appointment does not invalidate the appointment as being Provisional because it still falls under the category of an Appointment of a Temporary Nature. The Personnel Director of the Town, Thomas Dawkins, testified that the appointment of Murphy did not fall into any category of Section 30.1d other than Provisional Appointment.
As for whether or not the appointment of Murphy was to fill a vacancy, the Court finds that there was a vacancy at the time of his appointment. The previous Commander in the Management Services Bureau was Commander Mark Sirois who vacated that position in March, 2000 when he was appointment acting Chief of Police. Even if he were not later appointed permanent Chief of Police, and he may have been returned to his position as Commander, there was still a vacancy on June 12, 2000 when Murphy was appointed. It is not logical to expect no one to fill the position of Commander of the Management Services Bureau while Sirois was waiting to see whether he would be appointed permanently as the Chief of Police. Accordingly, the appointment of Murphy did fall under the category of Provisional Appointment. There was a vacancy, and there was no list of eligible candidates for the position.
Plaintiff also cites the definition of Provisional Appointment in Section 11.1 of the Rules. He claims that the appointment was not made" . . . pending establishment of an eligible list for such position. " (Emphasis added). This brings us to the issue of the definition of "pending". On page 14 of the plaintiff's brief he indicates that a definition of "pending" is "while awaiting". By this definition offered by the plaintiff, the defendants have complied with the word "pending". Substituting the words "while awaiting" for "pending" would provide that the section read ". . . while awaiting establishment of an eligible list for such position." This does not indicate the process of establishment had to have been initiated. It means what the definition says: "while CT Page 13468-hf awaiting establishment."
Plaintiff also contends the delay in establishing such a list is unreasonable. However, Chief Sirois testified that he waited to establish the list of eligibles because there was a pending lawsuit involving the position of Commissioner. The lawsuit involved the prior examination for Commander, and it was reasonable for Sirois to wait until that lawsuit had been resolved. In Haggerty v. Parniewski, 11 Conn. App. 37, 42 (1987) the court found that the delay was not arbitrary because there were no funds to fill the position. This Court finds that the delay by the defendants was not arbitrary and was reasonable.
 CONCLUSION
For all of the foregoing reasons, the defendants have sustained their burden of proving by a preponderance of the evidence that the defendant, Murphy, has a legal right to the office of Commander he now holds. Accordingly, plaintiff's action in quo warranto is dismissed.
Rittenband, JTR