GORDON H. JOHNSON *vs.* LYMAN W. GRISWOLD.

Franklin. September 18, 1900. — October 18, 1900.

Present: HOLMES, C. J., KNOWLTON, MORTON, LATHROP, & HAMMOND, JJ.

*Resignation of Office and Acceptance thereof shown by Oral Testimony.*

The resignation of a person appointed by the county commissioners under Sts. 1889, c. 454, § 5, and 1894, c. 309, § 1, to investigate cases of damages done by dogs, and prosecute actions therefor, and its acceptance by the county commissioners, may be shown by his and their oral testimony. It is not required that they be shown only by the records of the commissioners.

TORT, under Sts. 1889, c. 454, § 5, and 1894, c. 309, § 1, providing for the investigation of damages done by dogs and for prosecuting actions therefor. At the trial in the Superior Court, before *Mason*, C. J., it appeared by the records of the county

commissioners that at a meeting of the board held on July 9, 1896, the following vote was passed: "Voted, To appoint Henry J. Smead of Greenfield in our county of Franklin to act under the provisions of Chapter 454, Section 5, Statutes of 1889, in regard to investigating damages done by dogs and bringing actions for the same." It did not appear by the records that Smead had ever resigned or been removed from the office; but it did appear by the records that at a meeting of the board held on May 2, 1899, the following vote was passed: "Voted, That Gordon H. Johnson of Conway be appointed to act under the provisions of Chapter 454, Section 5, statutes of 1889, in regard to investigating damages done by dogs and bringing actions for the same."

The plaintiff, for the purpose of proving that a vacancy existed in the office at the time of his appointment, then offered the oral testimony of Smead and of the county commissioners to show that before the appointment of the plaintiff Smead resigned the office and appointment, and that his resignation had been accepted by the commissioners. The defendant objected to the admission of this evidence, and contended that such resignation or removal could only be shown and proved by the record of the county commissioners. The judge excluded the evidence, and, at the request of the defendant, ruled that no legal appointment of the plaintiff had been shown and that the action could not be maintained, and directed a verdict for the defendant. The plaintiff alleged exceptions.

*S. D. Conant*, for the plaintiff.

*S. S. Taft*, for the defendant.

MORTON, J. The sole question in this case is whether the resignation of Smead and its acceptance by the county commissioners could be shown by the oral testimony of Smead and the county commissioners, or only by the records of the commissioners.

There is nothing in the statute creating the office which requires that a resignation should be in writing, or should be accepted of record in so many words by the commissioners. In the absence of any statutory provisions in relation to the matter we are remitted to the common law, and at common law it is clear that a resignation in a form acceptable to the parties

would be a good resignation. *Rex* v. *Rippon*, Ld. Raym. 563; *S. C.* Salk. 433. *Regina* v. *Lane*, Ld. Raym. 1304; *S. C.* Fort. 275; 11 Mod. 270. *Jennings's case*, 12 Mod. 402. *Regina* v. *Gloucester*, Holt, 450. *Van Orsdall* v. *Hazard*, 3 Hill, 243. *People* v. *Metropolitan Police Board*, 26 N. Y. 316.

No doubt it would have been more orderly if the resignation had been in writing and had been filed by the clerk of the commissioners. But the fact that it was not in writing did not render it ineffectual, or operate to continue Smead in office against his will. Moreover, it was not necessary to show *in totidem verbis* an acceptance of Smead's resignation by the commissioners. Their appointment of a successor constituted, without anything more, an acceptance of his resignation. *Edwards* v. *United States*, 103 U. S. 471, 474. There could be no appointment of a successor unless there was a vacancy. And a vacancy could not exist except by the resignation or removal of the prior appointee. The appointment of the plaintiff showed of itself that there had been an acceptance of Smead's resignation. The appointment being a matter of record, it is immaterial whether the commissioners acted judicially or ministerially. How far preliminary matters and matters of recital shall be spread upon the records is for the commissioners to determine.      *Exceptions sustained.*