FRANK W. LARRIVEE *vs.* CHIEF OF POLICE OF NEWTON
& another.

Middlesex.   March 14, 1918. — May 23, 1918.

Present: RUGG, C. J., DE COURCY, CROSBY, & CARROLL, JJ.

*Police. Municipal Corporations. Resignation. Mandamus.*

Where a police officer of a city, who had been fined after hearings upon charges of neglect of duty, was summoned before the chief of police of the city and a captain of police and, as a consequence of a conversation then had, signed and delivered to the chief of police a written tender of his resignation as a member of the police force of the city "to take effect on its acceptance by the chief of police," such tender of a resignation, even if valid originally, can only be construed as intended to be open for acceptance for a reasonable time.

An acceptance of such a tender of a resignation more than six years after it was delivered is ineffectual, and after such an acceptance the officer may maintain a petition for a writ of mandamus to compel his restoration to the police force.

PETITION, filed on December 27, 1917, for a writ of mandamus to compel the restoration of the petitioner to the police force of the city of Newton.

The case was heard by *Braley, J.* The evidence is described in the opinion. At the close of the evidence the single justice refused to rule, as requested by the respondents, that on all the evidence the petition should be dismissed, and ordered the issuance of the writ. The respondents alleged exceptions.

*E. B. Bishop,* for the respondents.

*G. H. Mellen,* for the petitioner, submitted a brief.

RUGG, C. J. The petitioner, after serving a probationary period, was appointed a police officer of the city of Newton in 1908. In 1910 and again in 1911 charges for neglect of duty were preferred against him and, after hearing, he was fined. After the

last hearing he was summoned before the chief of police and a captain of police. As a consequence of conversation then had, on August 14, 1911, he signed and delivered to the chief of police a written tender of his resignation as a member of the Newton police force "to take effect on its acceptance by the Chief of Police." The latter official testified that at the time the resignation was given "he said to the petitioner that he was not satisfied with his conduct, that he wanted his resignation to hold over him, that if he behaved himself it could be given back to him, but that if he did not, the chief would accept it at any time." In 1912 the petitioner again, after a hearing, was fined for neglect of duty. There was testimony that at least on one occasion after August 14, 1911, the chief of police warned the petitioner that he had his resignation and that, if the latter did not behave himself, it would be accepted. On November 6, 1917, some facts were presented to the chief of police, the nature of which did not appear, but he thought they warranted the acceptance of the resignation. He indorsed upon the paper an acceptance and notified the petitioner that he was no longer a police officer. The latter surrendered his equipment on November 9 and on December 27 following brought this petition for a writ of mandamus to be reinstated. The defendants, who are respectively the chief of police and mayor of the city of Newton, at the conclusion of the hearing requested the single justice to rule that as matter of law the petition should be dismissed. Their exception to the denial of this request brings the case here. The civil service law applies to members of the police force of Newton.

It is plain that there was no error of law in refusing to grant the ruling requested.

There is strong ground for the contention that it is contrary to the spirit of the civil service law to use a resignation of one, entitled to the protection and subject to the obligations and penalties of that law, for any such purpose as here is disclosed. But without determining that question, the case may be decided on another ground.

It well may have been found as a fact by the single justice that, if the resignation ever had any vitality, it had been lost completely by the efflux of time. That seems an almost irresistible inference from the circumstances. If the resignation be treated as

valid originally, it can be construed only as intended to be open for acceptance for a reasonable time. There is no pretence that it was accepted until more than six years after its delivery. That was not within a reasonable time.

*Exceptions overruled.*