HAROLD E. WARNER *vs.* SELECTMEN OF AMHERST & others
(and a companion case [1]).

Hampshire.    September 20, 1950. — November 8, 1950.

Present: QUA, C.J., LUMMUS, SPALDING, WILLIAMS, & COUNIHAN, JJ.

*Public Officer. Municipal Corporations,* Officers and agents.

A resignation of the chief of the fire department of a town, appointed by
the selectmen under G. L. (Ter. Ed.) c. 48, § 42, became effective, and
his office vacant, on an April 1 at common law where he had tendered
his resignation, "to take effect" April 1, to the selectmen on January 30
and on the same day they had accepted it in his presence; it was im-
material that in February they had voted "to extend from April 1 to
July 1 the date of acceptance of . . . [his] resignation," that he per-
formed the duties of the office until July 1, and that in June he wrote
the selectmen purporting to "withdraw" his "offer to resign."

PETITION in equity, filed in the Superior Court on August
10, 1948.   Also a
PETITION for a writ of certiorari, filed in the Superior
Court on August 10, 1948, and afterwards amended into a
petition for a writ of mandamus.

The cases were heard by *Giles,* J.

*G. W. Leary,* for the petitioner.

*A. D. Morse,* for the selectmen of Amherst, submitted a
brief.

No argument nor brief for the retirement board of the
county of Hampshire.

WILLIAMS, J.   Of these two cases the first is a petition in
equity alleged to be brought under the provisions of G. L.
(Ter. Ed.) c. 32, § 24 (1), as appearing in St. 1945, c. 658,
§ 1, against the members of the retirement board of the
county of Hampshire and the board of selectmen of the
town of Amherst to restrain the retirement board from

[1] The companion case is between the petitioner and the selectmen of
Amherst.

"dropping" the petitioner from the retirement system; to order the board of selectmen to "restore" the petitioner to the position of chief of the fire department of Amherst; and to order the latter board to pay to the petitioner his salary from July 1, 1948, to the present time. The second is a petition which, by amendment, seeks the issuance of a writ of mandamus to command the selectmen of Amherst to recognize the petitioner as chief of the fire department of that town. The cases were consolidated for the purposes of trial. *Lumiansky* v. *Tessier*, 213 Mass. 182, 188. Both petitions having been dismissed after hearing, the cases are before us on appeals of the petitioner.

In the equity suit the trial judge made voluntary findings of fact which do not purport to be findings of all the material facts. The entry of the decree, however, imports a finding of every fact essential to sustain it within the scope of the pleadings and supported by the evidence. *Birnbaum* v. *Pamoukis*, 301 Mass. 559. *Carmichael* v. *Carmichael*, 324 Mass. 118. As the evidence is reported it is our duty to examine it and arrive at our own conclusions on questions of fact and of law, but not to reverse the finding of the trial judge unless we are satisfied that his finding is plainly wrong. *Marshall* v. *Landau*, 308 Mass. 239, 241. The same rule applies to the mandamus proceedings. G. L. (Ter. Ed.) c. 213, § 1D, as inserted by St. 1943, c. 374, § 4. *Blake* v. *Hammersley*, 288 Mass. 247, 249. *Hill* v. *Trustees of Glenwood Cemetery*, 323 Mass. 388, 392.

There was evidence substantially as follows. On August 1, 1935, the petitioner was appointed by the board of selectmen chief of the fire department of the town of Amherst, which town had accepted the provisions of G. L. (Ter. Ed.) c. 48, §§ 42, 43, 44, and G. L. (Ter. Ed.) c. 32. Because of the alleged conduct of the petitioner in contracting certain garage bills, the board of selectmen summoned him to appear before the board on January 26, 1948, and on his appearance requested his resignation. He was told to consider the matter and to return on the following Friday, January 30. On that day he presented in typewritten form

his resignation reading as follows: "I hereby tender my resignation as Chief of the Fire Department to take effect February 29, 1948. Very truly yours, [Signed] Harold E. Warner, Chief." On the suggestion of the board the petitioner, without objection on his part, had the secretary of the board erase the date February 29 and substitute the date April 1, 1948. The board thereupon in the petitioner's presence proceeded to accept his resignation as so amended. On February 9, 1948, at a meeting which the petitioner did not attend, the board voted "to extend from April 1 to July 1 the date of acceptance of Chief of Fire Department's resignation." The petitioner was not advised by the board of this extension but read of it in the local paper. He continued to perform the duties of chief of the fire department after April 1. In May or early in June he saw the chairman of the board and told him that he could not find another job and asked the chairman if the board would reconsider their decision. On June 10 he sent to the board a letter stating, "I hereby withdraw my offer to resign." On July 1, 1948, on demand of the chairman of the board, the petitioner turned over to him the keys of the fire station and his insignia of office. There was no evidence as to any action or contemplated action by the retirement board in reference to the petitioner's status in the retirement system.

It may be assumed that the chief of the fire department of the town of Amherst, appointed under G. L. (Ter. Ed.) c. 48, §§ 42–44, is a public officer of the town. See *Brown* v. *Russell*, 166 Mass. 14; *Attorney General* v. *Drohan*, 169 Mass. 534, 535; *Attorney General* v. *Tillinghast*, 203 Mass. 539; *Gregoire* v. *Lowell*, 253 Mass. 119, 121; *O'Connell* v. *Retirement Board of Boston*, 254 Mass. 404; *Turturro* v. *Calder*, 307 Mass. 159, 162. As such public and town officer the petitioner did not comply with the provision of G. L. (Ter. Ed.) c. 41, § 109, by filing his resignation with the town clerk. The legal effect of his resignation on his right to continue in office, therefore, depends upon the principles of the common law. See art. 6 of c. 6 of the Constitution of the Commonwealth; *Commonwealth* v. *Churchill*, 2 Met.

118; *Barre* v. *Greenwich*, 1 Pick. 129, 134. See also *Commonwealth* v. *Hawkes*, 123 Mass. 525, 530; *Johnson* v. *Griswold*, 177 Mass. 34. This is not questioned by the parties. At common law acceptance of appointment to public office is compulsory and such office once assumed cannot be laid down without the consent of the appointing power. *Edwards* v. *United States*, 103 U. S. 471, 473–474. *Hoke* v. *Henderson*, 4 Dev. 1. Mechem, Public Officers, § 414. Dillon, Municipal Corporations (5th ed.) § 416. McQuillin, Municipal Corporations (2d ed.) § 518. The weight of authority in this country, wherever the common law has not been superseded by the provisions of constitution or statute, is in accord with this rule. *Commonwealth* v. *Berninger*, 255 Ky. 451. *Clark* v. *Board of Education of Detroit*, 112 Mich. 656. *Attorney General* v. *Haussermann*, 113 N. J. L. 162, 166. *Tooele County* v. *De La Mare*, 90 Utah, 46, and cases cited at page 52. *Rockingham County* v. *Luten Bridge Co.* 35 Fed. (2d) 301, 306. *Sadler* v. *Jester*, 46 Fed. Sup. 737, 740. Although there is no decision directly in point in this Commonwealth, intimations that such is the law are found in *Commonwealth* v. *Hawkes*, 123 Mass. 525, 530, *Johnson* v. *Griswold*, 177 Mass. 34, *Larrivee* v. *Chief of Police of Newton*, 230 Mass. 169, *Kidder* v. *Mayor of Cambridge*, 304 Mass. 491, 497, and *Lawrence* v. *Commissioners of Public Works*, 318 Mass. 520, 524. No distinction is made between elected and appointed officers. *The King* v. *Burder*, 4 T. R. 778. *State* v. *Van Buskirk*, 11 Vroom, 463. *Johnson* v. *Griswold*, 177 Mass. 34. See *Larrivee* v. *Chief of Police of Newton*, 230 Mass. 169; *Lawrence* v. *Commissioners of Public Works*, 318 Mass. 520.

The judge was warranted in finding that when the resignation of the petitioner was tendered to the board of selectmen on January 30 it was accepted. By its acceptance the rights of the parties were determined, although the date when it was intended to become effective was on the following April 1. In *Rogers* v. *Carleton*, 188 Okla. 470, a case where it was intended that the resignation take effect immediately, it was said, "[I]n states where acceptance is

necessary, the resignation, when once accepted, is beyond recall. A complete resignation, as was the instant one, after acceptance, operates to sever the officer from the office and to create a vacancy." Similarly in *State* v. *Grace*, 113 Tenn. 9, 16–17, it was said, "Official robes cannot be put off and assumed at the pleasure of individuals or officers. Public interest requires that all possible certainty exist in the election of officers and the beginning and expiration of their terms, by law or resignation, and forbids that either should be left to the discretion or vacillation of the person holding the office or the officer or body having the appointing power." In *Murray* v. *State*, 115 Tenn. 303, 307, the court had under consideration a resignation which was to become effective at a future date. The court said, referring to *State* v. *Grace, supra*, "The resignation, with its acceptance, was no more absolute in that [case] than in the case at bar. The mere fact that the one was to take effect immediately and the other at a date in the future we think of no import." See also *State* v. *Van Buskirk*, 11 Vroom, 463; *Board of Education of Wolfe County* v. *Rose*, 285 Ky. 217.

In our opinion, according to the expressed intent of the parties, the office held by the petitioner became vacant on April 1. The vote of the selectmen on February 9 did not purport to be and cannot be considered a reconsideration of their vote of acceptance on January 30. Neither was the vote of February 9 a reappointment of the petitioner. It had no legal effect on the right of the petitioner to hold the office of chief after April 1. After that date the petitioner did not hold the office to which he seeks to be restored. If we assume that thereafter he performed duties as a de facto chief of the fire department, he acquired no rights to compensation after July 1.

It did not appear that there was any actual or prospective violation of the provisions of G. L. (Ter. Ed.) c. 32, or of any rules and regulations established thereunder which would justify relief in equity under § 24 (1) of that chapter against the retirement board.

As the office held by the petitioner became vacant on April 1 his rights under the retirement system must be determined as of that date. See *Matter of Hines* v. *La Guardia*, 293 N. Y. 207, 213.

*Decree affirmed.*
*Judgment affirmed.*