ANTHONY GALLUCCIO *vs.* COMMISSIONER OF LABOR AND INDUSTRIES. December 8, 1976. On June 30, 1975, the plaintiff delivered to the defendant his written resignation from the position of Counsel III in the Department of Labor and Industries. On the following day the plaintiff informed the defendant that he was withdrawing his resignation. The defendant stated that the resignation had been accepted and refused to permit its withdrawal. Thereupon the plaintiff brought the present action seeking a declaration that the resignation was of no legal effect as it had been obtained by means of threats, coercion, and duress and had been withdrawn prior to its acceptance. The judge found that no threats had been made by the defendant to the plaintiff, that there had been no coercion or duress on the part of the defendant in order to bring about the resignation, and that it had been the plaintiff's intention to resign. Those findings were supported by the evidence and were not clearly erroneous. We do not disturb them. Mass.R.Civ.P. 52(a), 365 Mass. 816 (1975). *Marlow* v. *New Bedford,* 369 Mass. 501, 508 (1976). For the same reason we do not disturb the judge's finding that the defendant had accepted the resignation on June 30, 1975. Once the resignation had been accepted, the rights of the parties were determined. *Martin* v. *City Manager of Worcester,* 349 Mass. 760 (1965). Compare *Warner* v. *Selectmen of Amherst,* 326 Mass. 435, 438-439 (1950); *Campbell* v. *Boston,* 337 Mass. 676, 678 (1958). However, as the judgment entered does not declare the rights of the parties, it is to be modified by striking out paragraphs 1 and 2 and by inserting in place thereof a declaration that the defendant's acceptance of the plaintiff's resignation dated June 30, 1975, was effective and terminated the plaintiff's employment as Counsel III in the Department of Labor and Industries. As so modified the judgment is affirmed.

*So ordered.*

*Morris M. Goldings* for the plaintiff.
*Andrew J. McElaney, Jr.,* Assistant Attorney General, for the defendant.