JANET B. SINKEVICH *vs*. SCHOOL COMMITTEE OF RAYNHAM.

Bristol.   September 13, 1988. — November 21, 1988.

Present: HENNESSEY, C.J., WILKINS, ABRAMS, NOLAN, & LYNCH, JJ.

*School and School Committee,* Resignation of teacher. *Public Employment,* Resignation.

A plaintiff who voluntarily resigned her position as a tenured public school teacher was not entitled, in the circumstances, to withdraw her resignation before the school committee formally voted to accept it, where her resignation had been properly received by the superintendent of schools and she had been released and replaced, all in accordance with the provisions of the school committee's written policy manual governing termination of teaching contracts by resignation. [422-424]

CIVIL ACTION commenced in the Superior Court Department on October 23, 1985.

The case was heard by *John D. Sheehan,* J.

The Supreme Judicial Court on its own initiative transferred the case from the Appeals Court.

*Joseph A. Emerson, Jr.,* for the defendant.

*Brian R. Corey* for the plaintiff.

*Michael J. Long,* for Massachusetts Association of School Superintendents, amicus curiae, submitted a brief.

*Austin Broadhurst,* for Massachusetts Association of School Committees, Inc., amicus curiae, submitted a brief.

WILKINS, J.  We are concerned here with the question whether a school teacher who submitted her resignation to the superintendent of schools in Raynham and started working in the Fall River school system could effectively withdraw her resignation before the school committee voted to accept it and thus be entitled to return to her tenured position in Raynham. We hold that she may not.

We summarize the judge's findings of fact in this action brought by the teacher seeking a declaration of her rights and her reinstatement as a teacher in Raynham. The plaintiff had

been an elementary teacher in Raynham from 1968 until August, 1985, when she decided to seek a teaching position nearer her home in Fall River. On September 3, 1985, she reported for work in Raynham. The next day the Fall River school committee voted to hire her. On September 10, 1985, the plaintiff submitted a letter of resignation to the superintendent of the Raynham schools. She continued to work in Raynham until September 12, working with a substitute teacher on September 11 and 12. On September 12, the superintendent of schools advised her that the substitute teacher was satisfactory and that he was releasing her from her obligation to give thirty days' notice of her resignation.

The plaintiff started work in Fall River on September 16 but immediately discovered that the position was not what she had expected it to be. She worked in Fall River for only two days. On September 18, she delivered a letter to the superintendent of schools in Raynham requesting that the school committee take no action on her letter of resignation and stating that she was ready to resume her teaching duties immediately. On September 23, the Raynham school committee voted to confirm the superintendent's decision to waive the thirty-day notice requirement for the effectiveness of the plaintiff's resignation and accepted her resignation. On September 25, the Fall River school committee accepted the plaintiff's resignation. In mid-November, the Raynham school committee voted to fill the vacancy created by the plaintiff's departure.

Although the judge concluded that the Raynham school committee's policy manual was not significant for the purpose of deciding the case and did not deal with the language of the manual in his findings, the policy manual has language that appears on its face to bear on the rights of the parties. Any legal effect of that language must, of course, be considered. The policy manual provided, under the heading "TERMINA-TION OF CONTRACT," as follows: "A contract between a teacher and the school committee may be terminated by mutual consent at any time. The teacher may resign for any reason by submitting at least thirty days' written notice at any time except during the month of August, during which month, unless

the contract has been terminated by mutual consent or committee action, the teacher will accept employment with no other school committee in Massachusetts." The section further provided that "[a] teacher intending to resign shall notify the superintendent in writing at least thirty days before such resignation is to take effect. The superintendent may, with the approval of the school committee, release a teacher in less than thirty days, if he is able to fill the position satisfactorily within that time."

The trial judge concluded that school committees have a nondelegable duty to act on resignations of school teachers, that the Raynham school committee's policy manual could not provide otherwise, and that the plaintiff could withdraw her resignation at any time before the school committee voted to accept it. A judgment was entered declaring that the action of the school committee was a dismissal of a tenured teacher in violation of G. L. c. 71, § 42 (1986 ed.), and directing that the plaintiff be reinstated with back pay (less what she received from the Fall River school department). The school committee appealed, and we transferred the appeal to this court. We shall assume, without deciding, that, at least in the absence of a contract providing otherwise, a school teacher may not resign unilaterally and that any resignation must be accepted in some way by the school committee. Cf. *Jones* v. *Wayland,* 374 Mass. 249, 259 (1978) (special police officer); *Campbell* v. *Boston,* 337 Mass. 676, 678 (1958) (chairman of board of trustees of city's statistics department); *Warner* v. *Selectmen of Amherst,* 326 Mass. 435, 438 (1950) (fire chief).

We consider first whether, in the circumstances of this case, a resignation of a tenured school teacher has no legal effect until it is specifically accepted by the school committee. The trial judge decided that, because the school committee had the exclusive power to hire and fire, it alone could accept a resignation,[1] and that it had to do so by action taken at a duly called meeting.

---

[1] This statement of the committee's exclusive power is not entirely correct. Superintendents of schools have a significant role in making hiring decisions. A school committee may not properly make an "election, contract, or promotion of a teacher" (and certain other personnel) unless the superin-

We perceive no reason why a school committee may not properly establish in advance, as part of the conditions of employment, a policy concerning the resignation of teachers. In this case, the school committee prescribed in its policy manual the right of a teacher to resign upon notice to the school system sufficient to assure that a replacement could be found. The voluntary act of resignation by a tenured school teacher is very different from a decision of a school committee to discharge such a teacher. We need not decide whether a school committee could properly delegate its right to act on resignations to the superintendent of schools (as we suspect it could). Here the school committee in its policy manual granted each teacher the right (except in August) to resign without further action by the school committee, simply by notifying the superintendent at least thirty days before the resignation is to take effect. The school committee's policy manual has in effect announced that the school committee will accept all resignations made in the manner prescribed in the manual. In receiving such a resignation, the superintendent simply performs a ministerial act.

The plaintiff's submission of her letter of resignation, therefore, started the thirty-day period running without further action by the school committee. Because the resignation gave no date as of which the teacher was resigning, we assume that she intended to leave her employment after thirty days, unless, a satisfactory replacement having been found, the superintendent released her earlier (as he could do under the policy manual) and the school committee approved. A replacement was found and the superintendent advised the teacher of the date when she could leave her Raynham employment. She left and started work in the Fall River school system. But the Raynham school committee did not approve her early departure until after she sought to withdraw her resignation.

The next question then is the legal effect, if any, of the plaintiff's attempt to withdraw her resignation. The plaintiff

tendent of schools has nominated the teacher (or other person) for such action. G. L. c. 71, § 38 (1986 ed.).

assumed her new position in Fall River in the obvious belief that her obligations to the Raynham school system were over. Her resignation would have been effective in thirty days even if the school committee did not approve her departure during the thirty days. She could not withdraw her resignation unilaterally. See *Warner* v. *Selectmen of Amherst,* 326 Mass. 435 (1950). The school committee's advance approval of her early departure is not an act that she can now fairly insist should have occurred when she proceeded at the time as if that approval were not needed.[2]

Obviously, in these circumstances, one cannot deny a measure of sympathy for the plaintiff's plight. She may have been seriously misled concerning her job in Fall River, and, as a result, she lost her tenured position in Raynham. On the other hand, the law should not discourage a system by which a teacher is permitted to move efficiently from one school system to another when the teacher wishes to do so. Yet, at the same time, the school system the teacher has left for other work is entitled to know that it has no contingent obligations to that teacher. A school department that by contract agrees to facilitate a teacher's departure should not be obliged to take the teacher back when the new job does not work out as anticipated.[3]

The judgment is vacated and the case is remanded to the Superior Court where a judgment shall be entered declaring that the plaintiff resigned her position as a tenured teacher in the Raynham school department and is not entitled to be reinstated to her former position.

*So ordered.*

---

[2] In any event, and the plaintiff does not argue to this effect, the absence of any necessary school committee approval of her early departure would entitle her at the most to compensation for the thirty days before the resignation became effective (less any earnings in mitigation).

[3] We reject the plaintiff's claim that the school committee can argue on appeal only the issue that, at one point, the trial judge told the plaintiff's lawyer was "the issue before the court." The school committee's counsel did not endorse the judge's statement to the plaintiff's counsel. Nor did the judge limit himself in his memorandum of decision to the one issue he stated in mid-trial.