# DECISIONS

## OF THE

## APPEALS COURT

### OF

## MASSACHUSETTS

JOHN A. DELEIRE *vs.* CONTRIBUTORY RETIREMENT APPEAL
BOARD.

No. 91-P-981.

Suffolk. November 16, 1992. - January 8, 1993.

Present: PERRETTA, FINE, & IRELAND, JJ.

*Public Employment*, Police, Retirement, Suspension, Resignation, Forfei-
ture of retirement benefits, Misconduct. *Retirement.*

In the circumstances, a purported letter of resignation by a city's former
police chief did not terminate the suspension that had been imposed on
him under G. L. c. 268A, § 25, the day after his indictment on Federal
conspiracy charges. [4-5]
A city's fifty-six year old former police chief, who had been convicted on
Federal conspiracy charges based on his purchase of a stolen copy of
the promotional examination in which he was a candidate for the
chief's position, forfeited his public employment by operation of G. L.
c. 279, § 30, upon his being sentenced in the Federal proceeding; such
removal plainly being for moral turpitude within the meaning of G. L.
c. 32, § 10(1), he also permanently forfeited his right to retirement for
superannuation. [5-7]
A city's fifty-six year old former police chief who, as a result of a Federal
conspiracy conviction based on his purchase of a stolen copy of the pro-

motional examination in which he was a candidate for the chief's posi-
tion, had forfeited his right to retirement for superannuation, remained
entitled, under G. L. c. 32, § 10(4), to the return of his total accumu-
lated retirement deductions, reduced, pursuant to G. L. c. 32, § 15(3),
by the amount, plus interest, of the difference between the salary paid
him as chief and the salary that would have been paid him in his for-
mer police position had he not been promoted. [7-8]


CIVIL ACTION commenced in the Superior Court Depart-
ment on July 30, 1990.

The case was heard by *Patrick J. King*, J.

*James A. Sweeney*, Assistant Attorney General, for the
defendant.

*Paul T. Hynes* for the plaintiff.

FINE, J. Former Revere Police Chief John A. DeLeire was
convicted of conspiracy in a Federal court based upon his
purchase of an advance copy of the promotional examination
for the chief's position. This appeal concerns his right to a
superannuation retirement pension. Both the Revere retire-
ment board and the Contributory Retirement Appeal Board
(CRAB) ruled against DeLeire, but a Superior Court judge,
upon a review of the CRAB decision, ruled in DeLeire's
favor, remanding the case to CRAB to provide the pension.
In the circumstances, we conclude that DeLeire has not es-
tablished his right to the pension.

The essential facts are undisputed. DeLeire joined the Re-
vere police force in 1960. He was appointed chief on March
8, 1980, after being the top performer on a promotional ex-
amination given on August 4, 1979. On July 31, 1986, a
Federal grand jury indicted DeLeire for conspiracy in viola-
tion of 18 U.S.C. § 371 (1976), alleging that before he took
the examination he had purchased a stolen copy of it. On the
same day, he was suspended in accordance with G. L. c.
268A, § 25.[1] On May 7, 1987, DeLeire was found guilty of

---

[1]General Laws c. 268A, § 25, as inserted by St. 1972, c. 257, in perti-
nent part, provides:

"An officer or employee of a . . . city . . . may, during any period such
officer or employee is under indictment for misconduct in such office or
employment . . . be suspended by the appointing authority, whether or not

the conspiracy charge, and, on June 12, 1987, he was sentenced to four years in Federal prison. On May 17, 1988, as a result of the conviction, the Personnel Administrator invalidated DeLeire's promotion to police chief. On February 1, 1989, the conviction was affirmed on appeal. On February 6, 1989, DeLeire, fifty-six years of age at the time, applied to the Revere retirement board for superannuation retirement under G. L. c. 32, § 5; the application was denied on March 30, 1989. One day earlier, on March 29, 1989, he had written the following letter to the mayor of Revere: "I hereby resign my position as Police Chief effective immediately."

CRAB ruled that DeLeire's "resignation" was ineffective in terminating his suspension and denied his right to a pension in accordance with G. L. c. 268A, § 25, which provides that "[no] person who retires from service while under such suspension [shall] be entitled to any pension or retirement benefits, notwithstanding any contrary provisions of law. . . ." The Superior Court judge, on the other hand, ruled that DeLeire's "resignation" *was* effective to terminate the suspension, and that, while the result was unfortunate in light of the betrayal of the public trust, no other statute authorized

such appointment was subject to approval in any manner. Notice of said suspension shall be given in writing and delivered in hand to said person or his attorney, or sent by registered mail to said person at his residence, his place of business, or the office or place of employment from which he is being suspended. Such notice so given and delivered or sent shall automatically suspend the authority of such person to perform the duties of his office or employment until he is notified in like manner that his suspension is removed. . . . Any person so suspended shall not receive any compensation or salary during the period of suspension, nor shall the period of his suspension be counted in computing his sick leave or vacation benefits or seniority rights, nor shall any person who retires from service while under such suspension be entitled to any pension or retirement benefits, notwithstanding any contrary provisions of law, but all contributions paid by him into a retirement fund, if any, shall be returned to him. . . . If the criminal proceedings against the persons suspended are terminated without a finding or verdict of guilty on any of the charges on which he was indicted, his suspension shall be forthwith removed, and he shall receive all compensation or salary due him for the period of his suspension, and the time of his suspension shall count in determining sick leave, vacation, seniority and other rights, and shall be counted as creditable service for purposes of retirement."

forfeiture of the pension rights to which DeLeire was other-wise entitled.

On appeal, CRAB presses its argument that DeLeire's "resignation" did not terminate his suspension under G. L. c. 268A, § 25. Alternatively, CRAB contends that under G. L. c. 279, § 30, upon his conviction and sentencing, DeLeire was discharged from his position as police officer by opera-tion of law and that, because the discharge was with moral turpitude, under G. L. c. 32, § 10(1), he is ineligible to re-ceive his retirement benefits. We discuss the issue of the ef-fect of the "resignation," which was the focus of the earlier proceedings, although, in view of our acceptance of CRAB's alternative argument, our resolution of the case does not turn on the issue.

1. *The effect of the "resignation" on the suspension.* Gen-eral Laws c. 268A, § 25, precludes payment of retirement benefits to county, municipal, and district employees while under suspension. See *Indorato* v. *Contributory Retirement Appeal Bd.*, 20 Mass. App. Ct. 935, 936 (1985)(construing G. L. c. 30, § 59, which uses identical language with respect to State employees). Compare *Massachusetts Bay Transp. Authy.* v. *Massachusetts Bay Transp Authy. Retirement Bd.*, 397 Mass. 734, 739 (1986). Immediately upon his in-dictment, DeLeire was notified in writing that he was being suspended in accordance with G. L. c. 268A, § 25, and that, as the statute provides, the suspension would last until notifi-cation of its removal in writing. There is no indication that he had ever received such notification. The term of his office had not expired, compare *Brown* v. *Taunton*, 16 Mass. App. Ct. 614, 619 (1983), and he had not been formally dis-charged, compare *Massachusetts Bay Transp. Authy.* v. *Massachusetts Bay Transp. Authy. Retirement Bd.*, 397 Mass. at 738.

Putting aside for the moment the question whether DeLeire may have been removed or discharged by operation of law as a result of his conviction under G. L. c. 279, § 30, we come to the question whether DeLeire's letter of "resig-nation" terminated the suspension. We agree with CRAB

that it did not. First, the letter was not a clear and unequivocal statement of DeLeire's intent to resign as a Revere police officer. DeLeire stated that he was resigning only as police chief, a position from which he had been formally demoted almost a year earlier. The letter was, at best, ambiguous as to his intention and, for that reason, ineffective. In addition, as a unilateral effort on DeLeire's part to save his pension in the face of his conviction, it was ineffective for the intended purpose. This is because, generally, resignation from public office is ineffective without acceptance. See *Warner* v. *Selectmen of Amherst*, 326 Mass. 435, 438 (1950); *Campbell* v. *Boston*, 337 Mass. 676, 678 (1958); *Jones* v. *Wayland*, 4 Mass. App. Ct. 725, 735 (1976). In *Caples* v. *Secretary of the Commonwealth*, 350 Mass. 638 (1966), on which the Superior Court judge relied, the resignation to which effect was given *had* been accepted by the Governor. Whereas it may ordinarily be assumed that a resignation is accepted if it is received and receipt is not followed by a reasonably prompt objection, that assumption would not apply in these circumstances. It is also apparent that DeLeire's only purpose in tendering his "resignation" was to obtain the retirement benefits, which, as a result of his conviction, were in jeopardy, and to defeat the evident purpose of G. L. c. 268A, § 25. One day after he sent the letter to the mayor, the Revere retirement board denied his application for retirement benefits. In these circumstances, an inference that his "resignation" was accepted is not warranted.

2. *Permanent forfeiture.* DeLeire is correct in his assertion that, because a suspension is by its very nature temporary, resolution of the issue under G. L. c. 268A, § 25, does not determine the issue of permanent forfeiture. See *Massachusetts Bay Transp. Authy.* v. *Massachusetts Bay Transp. Authy. Retirement Bd.*, 397 Mass. at 739. He is incorrect, however, that, in the circumstances, he is not faced with permanent forfeiture of his pension. "It would be a strange state of the law in which an employee removed for peculations from the city and not reinstated or cleared of the charges against him could be given a retirement allowance for life at

the expense of the city. . . ." *Kennedy* v. *Holyoke*, 312 Mass. 248, 251 (1942). Various "laws of the Commonwealth . . . preclude the payment of retirement benefits to certain public employees who are discharged or convicted for misconduct in office," and "[m]ost public employees convicted of crimes in office like those shown in this case must, under the terms of G. L. c. 32, lose their retirement benefits." *Massachusetts Bay Transp. Authy.* v. *Massachusetts Bay Transp. Authy. Retirement Bd.*, 397 Mass. at 739, 742.

General Laws c. 32, § 15, provides certain consequences relating to pensions for public employees based upon dereliction of duty. The only two subsections of that statute providing for complete forfeiture after conviction, however, are (3A), which is inapplicable by its terms to DeLeire's offense, see *Collatos* v. *Boston Retirement Bd.*, 396 Mass. 684, 685 (1986), and (4), which is inapplicable to any criminal offense, such as DeLeire's, committed before January 12, 1988. Another statute G. L. c. 32, § 10(1), has also been construed as providing for forfeiture of retirement benefits when a public employee is discharged for moral turpitude. See *Essex County Retirement Bd.* v. *Contributory Retirement Appeal Bd.*, 342 Mass. 322, 325 (1961).[2]

Assuming DeLeire's suspension to remain in effect, the appointing authority may proceed to terminate it and discharge him based upon his conviction. Such a discharge would certainly be for moral turpitude within G. L. c. 32, § 10(1). See

---

[2]General Laws c. 32, § 10(1), as appearing in St. 1957, c. 661, § 1, provides, in part, that superannuation benefits shall be provided for any public employee over fifty-five, otherwise qualified, who is "removed or discharged from his office or position without moral turpitude on his part . . . ."

General Laws c. 32, § 15, and G. L. c. 268A, § 25, both containing language more specific than the language relied upon in G. L. c. 32, § 10(1), were enacted (or pertinently amended) after the decision in *Essex County Retirement Bd.* v. *Contributory Retirement Appeal Bd.* was handed down in 1961. As late as 1986, however, the Supreme Judicial Court considered the pertinent language of § 10(1) to have continuing force and effect. See *Massachusetts Bay Transp. Authy.* v. *Massachusetts Bay Transp. Authy. Retirement Bd.*, 397 Mass. at 739.

*Essex County Retirement Bd.* v. *Contributory Retirement Appeal Bd.*, 342 Mass. at 324.

Although CRAB's alternative argument based upon G. L. c. 279, § 30, is apparently made for the first time on appeal, we elect to consider it not only because the argument depends on facts established in the record and we think it has merit, but also because its practical effect on the outcome of the case is minor. Its only practical effect is to make a formal discharge unnecessary. The statute, as amended by St. 1951, c. 642, provides, in pertinent part: "If a convict sentenced by a court . . . of the United States to imprisonment in the state prison or by a court of the United States to a federal penitentiary for a felony holds an office under the constitution or laws of the commonwealth at the time of sentence, it shall be vacated from the time of sentence." DeLeire was sentenced on June 12, 1987. His office was vacated as of that date, therefore, by operation of law. *Essex County Retirement Bd.* v. *Contributory Retirement Appeal Bd.*, 342 Mass. at 323-324. The removal or discharge, accomplished by operation of law, was plainly with moral turpitude within the meaning of G. L. c. 32, § 10(1).

In accordance with G. L. c. 32, § 10(4), DeLeire is entitled to the return of his accumulated total deductions. That right is qualified, however, by G. L. c. 32, § 15(3), which provides that, upon conviction of an offense involving misappropriation of any funds of the governmental unit in which the person was employed, such return is conditioned upon the making of full restitution of the funds misappropriated. See *Arruda* v. *Contributory Retirement Appeal Bd.*, 28 Mass. App. Ct. 366, 369 (1990). DeLeire's conviction is covered by § 15(3). See Op. Atty. Gen., June 11, 1990. Compare *Huntoon* v. *Quincy*, 349 Mass. 9, 14 (1965); *Perryman* v. *School Comm. of Boston*, 17 Mass. App. Ct. 346, 350 (1983). Amounts misappropriated, in this instance, would include the difference between the salary paid DeLeire as chief and the salary he would have been paid in his former position for the period between his promotion to chief and his suspension, with interest. Further proceedings before CRAB will be re-

quired, in accordance with G. L. c. 32, § 15(2), to determine both DeLeire's accumulated total deductions and the amount misappropriated.

Accordingly, the judgment of the Superior Court is reversed, and a new judgment shall be entered remanding the case to CRAB for further proceedings consistent with this opinion.

*So ordered.*