RIDER *v.* CITY OF BATESVILLE.

4-9673                                          245 S. W. 2d 822

Opinion delivered February 11, 1952.

*Chas. F. Cole,* for appellant.

*Dean R. Lindsey,* for appellee.

MINOR W. MILLWEE, Justice. Appellant, Earl D. Rider, brought this action against appellee, City of Batesville, Arkansas, seeking recovery of approximately five months' salary as chief of police from October 1, 1949, on which date he alleged he was wrongfully discharged from office. Appellant charged that his dismissal was without notice of any charges having been preferred against him and in violation of state civil service statutes generally.

One of the defenses interposed by the city was that appellant's written resignation from office was duly accepted in June, 1949, subject only to the finding of a suitable officer to replace him, which was done on October 1, 1949; and that appellant fully acquiesced in such action.

Trial before the circuit judge, sitting without a jury, resulted in a judgment dismissing appellant's complaint. The court found that appellant's resignation as police chief was duly accepted by the mayor and city council on June 28, 1949, pending the procurement of a suitable officer to replace him, and that appellant had fully acquiesced in the order of the Civil Service Commission of Batesville which appointed his successor. If there is sufficient evidence to support the finding that appellant had effectively resigned from office at the time his services were discontinued, other issues become irrelevant.

On the night of June 21, 1949, a young Batesville man was fatally shot by a member of the six-man police force of the city. See, *Long* v. *State,* 217 Ark. 712, 233 S. W. 2d 237. The killing resulted in considerable public tension and the immediate resignation of the assistant chief of police and two patrolmen involved in the incident. According to the testimony on behalf of appellee, appel-

lant, who was then serving as chief of police, also offered to resign. At the suggestion of Mayor Chaney, appellant arranged for a conference between the two and Bill Walker, a member of the state police force, on June 26. At this conference, Walker, in appellant's presence, declined Mayor Chaney's offer to appoint him chief of police but agreed to assist in finding a suitable man to replace appellant.

On June 27 an informal meeting of the mayor and several aldermen was held and it was decided that appellant's resignation be requested. Mayor Chaney and Alderman Edwards, chairman of the police committee of the council, testified that they called on appellant who freely and without protest signed a written resignation addressed to the mayor and city council as follows: "I hereby tender my resignation as police chief of the City of Batesville, effective now or at your will."

On June 28 a meeting of the city council was held at which a committee of about thirty citizens appeared and requested a complete change of police officers. That part of the minutes of the June 28 meeting introduced at the trial reflects that a motion was duly made to accept the recommendations of Mayor Chaney, which included the following: "I may now advise you that we have the written resignation of the Chief of Police Earl Rider, effective now or at a later date, as we may see fit. I feel that we cannot lose our entire force at once and recommend that we ask Chief Rider to continue until a suitable officer be found to replace him." While the minutes introduced do not reflect further action on the motion, it was the understanding of council members that the mayor's recommendations were concurred in and fully adopted.

Mayor Chaney and members of the police committee continued their efforts to secure a successor to appellant until July 26 when the council adopted an ordinance creating and appointing a Civil Service Commission for the Police Department. On August 9 the council adopted a resolution setting forth the personnel, salaries and

vacancies in the department. In enumerating the vacancies the resolution recites: "Vacancy in the post of Chief of Police, effective when the Civil Service Commission shall have set up their rules and regulations, held examination for said position, and certified and appointed a man thereof."

The Commission proceeded to hold examinations on September 19 and issue an order on September 27 certifying and appointing James Mitchum as appellant's successor. Appellant surrendered the position to Mitchum on October 1 without protest and has not since performed, or offered to perform, the duties of the office. There was no appeal from the order of the commission appointing appellant's successor.

Appellant denied that he executed the written resignation without protest and stated that he was assured by Mayor Chaney that nothing would be done about it. He admitted arranging the conference with Walker, but stated that the latter was offered the position of assistant chief of police at the conference. Walker understood that he was being offered the job of chief of police, and Mayor Chaney was positive that this was true.

On August 24 appellant wrote Mayor Chaney requesting the return of the written resignation. Chaney testified that no council action was taken on the request because the matter was then in the hands of the Civil Service Commission and appellant's resignation had been duly accepted. Appellant knew of the examination given by the commission for police chief, but did not offer to take it because he understood that he would be blanketed in without examination.

For reversal appellant contends that the evidence shows that he had no intention of resigning his office or, if so, the resignation was never accepted and was effectively withdrawn by the written request for its return on August 24, 1949. While some courts hold that an unconditional resignation of a public officer to take effect immediately cannot be withdrawn, the general rule, apart from statutory provisions, is that a mere

presentation of a resignation does not work a vacancy and a resignation is not complete until accepted by the proper authority. McQuillin Municipal Corporations (3rd Ed.) § 12-125; 43 Am. Jur., Public Officers, § 167. In most jurisdictions a resignation may be withdrawn before it is acted upon but not after it has been accepted, and a resignation effective in the future may not ordinarily be withdrawn after acceptance. Although there is authority to the contrary, the preferable rule is stated in 67 C. J. S., Officers, § 55 f., as follows: "If an acceptance is regarded as essential in order to render a resignation effective, an unconditional resignation to take effect at a future date may not be withdrawn after it has been accepted." See, also, 43 Am. Jur., Public Officers, § 170.

The written resignation submitted by appellant to the mayor and city council was unconditional in its terms. The evidence is sufficient to support the trial court's finding that the resignation was freely submitted to and accepted by the mayor and city council, subject only to the selection of a suitable replacement. There is no contention that the resignation was procured by duress or coercion. Appellant's participation in the caucus on June 26 to procure his replacement and subsequent actions of the city council and Civil Service Commission, prior to the written request for withdrawal of the resignation, tend to support the conclusion that the resignation was duly accepted on June 28 and was not subject to withdrawal on August 24, at least, without the consent of the accepting authority.

The judgment is affirmed.

WARD, J., not participating.