The Honorable Larry Mitchell State Representative P.O. Box 81 Bryant, Arkansas 72202
Dear Representative Mitchell:
This is in response to your request for an opinion on whether W. Rudy Osborne has a legal right to take office as Alderman Ward 3, Position 2 in the City of Shannon Hills, Arkansas. You have attached a letter detailing the facts surrounding this situation, which are briefly as follows:
 Mr. Osborne was an incumbent alderman in the City of Shannon Hills and was elected at the November 1990 general election to a new term. On November 17, 1990, Mr. Osborne signed a pre-typed letter of resignation due to the fact that his work out of state would interfere, in the opinion on the rest of the council, with his duties. Mr. Osborne later found out that he would not have to be out of state as much as anticipated, and on December 6, 1990 submitted a certified letter to the mayor withdrawing his resignation.
 The mayor received this letter by certified mail on December 10. The regular meeting of the city council was held December 17, 1990. The issue of the resignation came up at the meeting and the council accepted the resignation and someone was named to fulfill the rest of the term which ended on December 31, 1990. When Mr. Osborne asked why his withdrawal of resignation was not considered, he was told that the council had not received it in time to put it on the agenda. Despite the dispute over his right to take office, Mr. Osborne was sworn in on January 1, 1991.
Your question with respect to these facts is whether Mr. Osborne has a legal right to take office as Alderman, Ward 3, Position 2.
It is my opinion that the resolution of this question will depend upon whether the city council accepted Mr. Osborne's resignation before he withdrew it. This is a question of fact which this office is neither equipped nor empowered to answer. As was stated in Rider v. City of Batesville, 220 Ark. 31, 245 S.W.2d 822
(1952):
 While some courts hold that an unconditional resignation of a public officer to take effect immediately cannot be withdrawn, the general rule, apart from statutory provisions,[1] is that a mere presentation of a resignation does not work a vacancy and a resignation is not complete until accepted by the proper authority. McQuillan Municipal Corporations (3rd Ed.) § 12-125; 43 Am. Jur., Public Officers, § 167. In most jurisdictions a resignation may be withdrawn before it is acted upon but not after it has been accepted. . . .
220 Ark. at 34, 35.
According to the rule stated above, Mr. Osborne's resignation could be withdrawn at any time before it was "accepted". The crucial question is when the resignation was accepted. It appears that the council accepted Mr. Osborne's resignation at its meeting on December 17, seven days after the mayor received the letter withdrawing the resignation. It must be recognized, however, that the question of when the board actually accepted the resignation is, as stated previously, a question of fact; and the acceptance of a resignation may be either express or implied. 62 C.J.S. Municipal Corporations § 502. It is possible that the resignation was tacitly or impliedly "accepted" prior to the December 17 meeting. Thus, although it appears, based upon the facts presented to us, that Mr. Osborne withdrew his resignation before it was accepted, this is ultimately a question for a factfinder (i.e. a judge or jury).
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.
Sincerely,
WINSTON BRYANT Attorney General
WB:arb
[1] We have found no statutory provisions which govern this issue.