The Honorable Martha A. Shoffner State Representative P.O. Box 44 Newport, AR 72112-0044
Dear Representative Shoffner:
You have requested an Attorney General opinion concerning the procedure for filling vacancies in the offices of city attorney and city clerk in a city of the first class.
You describe a scenario in which the city attorney resigned in December, 1999, the middle of his regular term, which was to end in December, 2002. The city council appointed someone to fill the position. The city clerk has also tendered her resignation, to be effective in August, 2000, which is after primary elections are held. Her regular term expires in December, 2002.
You have presented the following questions:
 (1) Does A.C.A. § 14-43-412 require that the appointee to the position of city attorney file for election in November?
 (2) Must the city clerk's position be placed on the November ballot, even though the position of city clerk will not be vacant until August, which is after primary elections are held?
RESPONSE
Question 1 — Does A.C.A. § 14-43-412 require that the appointee to theposition of city attorney file for election in November?
It is my opinion that the appointee to the position of city attorney in the situation you have described is required to file for election in November, if he wishes to remain in the position. I note again that the situation about which you have inquired involves a city of the first class.
A.C.A. § 14-43-412, which applies to cities of the first class, states:
 (a) In case any office of an elected officer, except aldermen of the ward, shall become vacant before the expiration of the regular term, then the vacancy shall be filled by the city council until a successor is duly elected and qualified.
 (b) The successor shall be elected for the unexpired term at the first annual election that occurs after the vacancy shall have happened.
A.C.A. § 14-43-412.
I recognize that the reference in the above-quoted statute to the "annual election" could give rise to some confusion. This reference is a hold-over from the original act by which this statute was enacted. The statute was originally enacted as a part of Act 1 of 1875, which provided a comprehensive scheme for the incorporation, organization, and government of cities. The original act provided for one-year terms of office for certain city officers. The act also stated: "In cities of the first class, all officers to be elected shall be elected at the regularannual election for municipal corporations." (Emphasis added.) The various officers were later given longer terms of office, and the act was amended to state: "In cities of the first class, all officers to be elected shall be elected at the regular general election for municipal corporations." A.C.A. § 14-43-301 (emphasis added). The provisions of A.C.A. § 14-43-412, referring to the "annual election" were never amended to reflect this change.
Only a court can definitively establish the correct interpretation of A.C.A. § 14-43-412, with its outdated reference to the "annual election." Nevertheless, it is my opinion that pending such judicial interpretation of the statute, a reasonable interpretation, given the statute's history, and given the amendment reflected in A.C.A. § 14-43-301, would be to read the statute to require that a successor to the position of city attorney be elected at the next general election for municipalities. Accord, Op. Att'y Gen. No. 94-069. General elections for municipalities are governed by A.C.A. § 14-42-201, which states: "The general election for the election of municipal officials in all cities and incorporated towns shall be held on the Tuesday following the first Monday in November."
Because a general election for municipalities will be held in November of 2000, and because this will be the first general election after the vacancy that occurred in the city attorney position that you described, it is my opinion that the appointee to the position of city attorney must file for election in the general election that is to be held in November.
Question 2 — Must the city clerk's position be placed on the Novemberballot, even though the position of city clerk will not be vacant untilAugust, which is after primary elections are held?
Although the law is not entirely clear on this issue, it is nevertheless my opinion that the city clerk's position should be included in the primary elections, and placed on the November ballot. As explained below, it is my opinion that the clerk's position should not be placed on the November ballot unless it is included in the primary elections.[1]
The difficulty in analyzing this situation arises out of the fact that at the time the primary elections will be held, the city clerk's position will not be vacant. This fact in turn gives rise to a question about the operation of two statutes, both of which appear to be applicable to the situation, and both of which appear to be mandatory in this situation.
The situation you have described concerning the city clerk's position is clearly governed by A.C.A. § 14-43-412, discussed in response to Question 1. Again, that statute states:
 (a) In case any office of an elected officer, except aldermen of the ward, shall become vacant before the expiration of the regular term, then the vacancy shall be filled by the city council until a successor is duly elected and qualified.
 (b) The successor shall be elected for the unexpired term at the first annual election that occurs after the vacancy shall have happened.
A.C.A. § 14-43-412.
Section (b) of this statute, requiring that the vacancy be filled at the first election[2] after the vacancy occurs, is plainly stated using the mandatory term "shall." Therefore, because the vacancy in the city clerk's position will occur in August, the first general election for municipalities that will be held after that vacancy occurs will be the November election.
Cities are not required to conduct primary elections for city offices. However, they are granted the option of doing so in A.C.A. § 14-42-206. In cities that do choose to conduct primary elections for city offices, pursuant to A.C.A. § 14-42-206, the statutes that govern primary elections generally (see A.C.A. § 7-7-101 et seq.) become applicable. Those statutes contain the following mandate:
 The name of no person shall be printed on the ballot in any general or special election in this state as a candidate for election to any office unless the person shall have been certified as a nominee selected pursuant to this subchapter [which sets forth procedures for primary elections].
A.C.A. § 7-7-101.
It therefore appears that in cities that hold primary elections for municipal offices, it is mandatory that in order for candidates to have their names placed on the ballot at the general election, they must be nominated at the primary election (unless they are running as independents, in which case they can be nominated by petition, pursuant to the procedure set forth in A.C.A. § 14-42-206.)
It therefore appears to be mandatory (in cities that hold primary elections) both that the vacancy in the city clerk's position be filled at the November election, and that the nominees (other than independent candidates) for that position be selected in the primary elections.
The question then arises whether a primary election can be held for an office that is not yet vacant. The law simply does not answer this question. Nevertheless, I conclude that a primary election for such an office can and should be held when it is known that the office will become vacant before the general election.[3] I base this conclusion on several factors.
First, there are no statutory prohibitions against holding a primary for a position before that position actually becomes vacant. Indeed, this is precisely what happens in regular situations where an election is held for a position that will become available because the incumbent's term will be ending. At the time of the elections for that position, the position is not vacant.
Second, the Arkansas Supreme Court has held that in addition to the powers of municipal officers that are expressly addressed by the legislature or the constitution, municipalities also have powers that are ". . . necessarily or fairly implied, or incident to the powers expressly conferred, or those powers which are essential or indispensable to the accomplishment of the declared purposes of the [municipal] corporation."Portis v. Bd. of Public Utilities, 213 Ark. 201, 205, 209 S.W.2d 864
(1948). Because municipalities are empowered to hold primary elections for municipal offices, it can be concluded that they have the implied power to do so in the situation you have described, where it is known that a vacancy will occur before the general election. This implied power is particularly pertinent in light of the additional mandate of A.C.A. §7-7-101.
Third, if the clerk's position is not included in the primary election, and the position therefore cannot be placed on the ballot for the November election (because A.C.A. § 7-7-101 was not complied with), the city council's appointee will serve for the remaining two years of the current city clerk's regular term. In contrast, if the clerk's position is included in the primary election and the position is filled at the November election, the city council's appointee to the position will serve only from August until December 31. The apparent intent of A.C.A. § 14-43-412 was to provide for a temporary means of covering a vacant position until the position can be filled by election. The Arkansas Supreme Court has recognized this principle in other contexts. For example, in Means v. Terra 1, 145 Ark. 443, 225 S.W. 601 (1920), the court, construing the governor's power to appoint persons to cover vacant positions under Article 7, § 50 of the Arkansas Constitution (now superseded by Amendment 29), stated:
 It was clearly the policy of the framers of our Constitution to provide for the filling of vacancies in office by election and not by appointment. . . . It was evidently the intention of the framers of the Constitution of 1874 that the appointing power should be limited. Its policy was to fill vacancies by election. An election by the people to fill a vacancy, whether at a special election or at the succeeding general election, is for the unexpired term, but, as before stated, any appointment made by the Governor is, under the Constitution, temporary.
Means, supra (citations omitted).
The policy-related concerns expressed by the court in Means would seem to be applicable when considering the question you have presented as well. An interpretation of the law under which a primary election can be held for this position (despite the fact that it is not yet vacant) would seem to be more consistent with intent of the legislative intent for the filling of vacancies.
Finally, I must note a concern associated with the possibility of the city clerk changing her mind and rescinding her resignation, thus resulting in a waste of funds on campaign and election expenses by both the city and the potential candidates for the position. This issue will not become problematic if the city council has accepted the city clerk's resignation. The Arkansas Supreme Court has held that a city official can withdraw his or her resignation at any time prior to its acceptance.Hopper v. Garner, 328 Ark. 516, 944 S.W.2d 540 (1997). However, after the resignation is accepted, it cannot be withdrawn. Rider v. City ofBatesville, 220 Ark. 31, 245 S.W.2d 822 (1952). Thus, if the city council has accepted the city clerk's resignation, the issues that would arise if the clerk should change her mind should not surface.
If, however, the city council has not accepted the clerk's resignation, the clerk can withdraw it at any time until it has been accepted. Under those circumstances, the question of whether it is known that a vacancy will occur in the city clerk's position would be less certain, and it would be more risky both for the city and for potential candidates to conduct business as though the vacancy will occur. Under such circumstances, it is also not as clear whether the policy arguments for including the clerk's position in the primary election would still be applicable.
For all of the foregoing reasons (and assuming that the clerk's resignation has been accepted), I conclude that the city clerk's position should be included in the primary election and placed on the ballot for the November election.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:SA/cyh
[1] My conclusions regarding this issue may be different in a situation where the city had not chosen, pursuant to A.C.A. § 14-42-206, to hold primary elections for city offices. My conclusions may also be different in a situation where it was not known prior to the primary elections that the vacancy would occur. I do not address those situations in this opinion. My responses herein are limited to a situation in which a city does choose to hold primary elections, and in which it is known, prior to the primary elections that a vacancy will occur.
[2] As explained in response to Question 1, I am interpreting this section to refer to the first general election for municipalities that is held after the vacancy occurs.
[3] In responding to your question concerning the city clerk, I am assuming that the city council has accepted the clerk's resignation, and that it is, indeed, known that this vacancy will occur. However, I note that the question of whether an officer's resignation has been accepted is a question of fact. See Hopper v. Garner, 328 Ark. 516, 944 S.W.2d 540
(1997), as well as the further discussion of this issue, infra.