The Honorable Bobby L. Glover State Senator Post Office Box 1 Carlisle, Arkansas 72024-0001
Dear Senator Glover:
I am writing in response to your request for an opinion on seven questions concerning a vacancy in the office of city clerk in a city of the first class. You recite the following information and pose the following seven questions:
 In Ward, a city of the first class, the city clerk, an elected official, has submitted her resignation. The city clerk was two (2) years into a four (4) year term, and her term is not set to expire until 2008. In addition, Ward has, by proper Ordinance, provided for its officials to be elected upon a non-partisan basis, with a filing deadline established to be no later than noon on the day before the preferential primary election. In the instance case, the city clerk submitted her resignation after the May 23 primary and the deadline for candidates to file for municipal office. The resulting questions are such.
 1. Does the resignation for the city clerk become effective immediately upon notice, or are either the Mayor or City Council required to accept her resignation?
 2. Is a "vacancy" declared at the effective time of resignation, or must the vacancy be "declared" by the City Council.
 3. Once the vacancy is declared, is there a time frame within which the City Council must fill the vacancy?
 4. What individual requirements and qualifications, if any, must be met by the City Council in filling the city clerk vacancy?
 5. Is the person chosen to fill the remaining time of the city clerk's term eligible to run as a candidate in the next election for this city clerk position?
 6. In accordance with A.C.A. § 14-43-412, the "successor shall be elected for the unexpired term at the first annual election that occurs after the vacancy shall have happened." When is the "first annual election" in the instant case where the period to file as a candidate for city clerk for the upcoming November election is closed? Could the 2008 election be defined as the "first annual election" in the instant case?
 7. Similarly, for how long is the person appointed by the City Council to fill the vacancy of the city clerk's office allowed to continue in this municipal office?
RESPONSE
In my opinion the answer to your first question is that the resignation becomes effective upon acceptance by the city council. In my opinion, in response to your second question, the vacancy occurs upon acceptance of the resignation. In response to your third question, the applicable statute for cities of the first class, A.C.A. § 14-43-412, does not set a definite time within which the initial vacancy must be filled by the council, but in my opinion a reasonable time would be implied. In response to your fourth question, the appointee must be a qualified elector. See Arkansas Constitution, art. 19, § 3 and A.C.A. §14-42-103. In my opinion the answer to your fifth question is "yes." In response to your sixth question, it is my opinion that the November 2008 election is the first election at which a successor to the city council appointee could be elected. In my opinion, the answer to your seventh question is that the appointee serves under A.C.A. § 14-44-116 for the entire balance of the unexpired term.
Question 1 — Does the resignation for the city clerk becomeeffective immediately upon notice, or are either the Mayor orCity Council required to accept her resignation?
It is my opinion that the resignation is not effective until accepted. This legal principle was discussed in Rider v. City ofBatesville, 220 Ark. 31, 34-35, 245 S.W.2d 822 (1952), wherein the court announced that "the general rule, apart from statutory provisions, is that a mere presentation of a resignation does not work a vacancy and a resignation is not complete until accepted by the proper authority. . . ." Id. citing, McQuillin Municipal Corporations (3rd Ed,) 12-125; and 43 Am. Jur., Public Officers, 167.
In another case, the Arkansas Supreme Court addressed who might be the "proper authority" to accept a resignation by noting that "Although Arkansas law does not designate who is the proper authority to accept a municipal officer's resignation, other jurisdictions have held that the entity or person that has the authority to designate the resigning officer's successor also has the authority to accept a resignation." Hopper v. Garner,328 Ark. 516, 525, 944 S.W.2d 540 (1997) citing 63A Am. Jur. 2d, Public Officers and Employees, §§ 172-74 (1984).
With regard to a vacancy in the office of city clerk, the applicable provision is A.C.A. § 14-43-412(a), which applies to cities of the first class. Subsection (a) of that statute states that "In case any office of an elected officer, except aldermen of the ward, shall become vacant before expiration of the regular term, then the vacancy shall be filled by the city council
until a successor is duly elected and qualified." (Emphasis added.)[1] The city council is the entity with power to fill the vacancy, and in my opinion, as a consequence, is the proper body to accept the clerk's resignation.
Question 2 — Is a "vacancy" declared at the effective time ofresignation, or must the vacancy be "declared" by the CityCouncil.
In my opinion the vacancy occurs upon acceptance of the resignation. Although I have not found any Arkansas statute or case law expressly providing that a vacancy occurs upon acceptance of a resignation, language of the Arkansas Supreme Court in Rider v. City of Batesville, supra, indicates that such acceptance creates a vacancy. See Id. at 34-35 ("the general rule, apart from statutory provisions, is that a merepresentation of a resignation does not work a vacancy and a resignation is not complete until accepted by the proper authority. . . .") This language indicates that a properly accepted resignation would in fact "work a vacancy."
In addition, it has been stated that "Where acceptance is necessary, mere tender of resignation does not affect the officer's status or relation, but a complete resignation operates to sever the officer from the office and creates a vacancy." 62 C.J.S. Municipal Corporations § 416 (footnotes omitted, citingRogers v. Carleton, 188 Okla. 470, 110 P.2d 908 (1941). Seealso, Warner v. Selectmen of Amherst, 326 Mass. 435,95 N.E.2d 180 (1950).
Question 3 — Once the vacancy is declared, is there a time framewithin which the City Council must fill the vacancy?
The statute applicable to cities of the first class does not indicate a time frame for filling the vacancy. It states merely that:
 (a) In case any office of an elected officer, except aldermen of the ward, shall become vacant before the expiration of the regular term, then the vacancy shall be filled by the city council until a successor is duly elected and qualified.
 (b) The successor shall be elected for the unexpired term at the first annual election that occurs after the vacancy shall have happened.
A.C.A. § 14-43-412.
In my opinion, however, this statute would be read as imposing a duty to fill the vacancy within a reasonable time after the occurrence of the vacancy. See generally, Marsh v. City of ElDorado, 217 Ark. 838, 233 S.W.2d 536 (1950); and Wortham v.Director of Labor, 31 Ark. App. 175, 790 S.W.2d 909 (1990).
Question 4 — What individual requirements and qualifications, ifany, must be met by the City Council in filling the city clerkvacancy?
I am somewhat uncertain as to the focus of this question. If your question is what qualifications the appointee to the position must meet, it is my opinion that the appointee must possess the same general qualifications as a person seeking election to the office of city clerk. Although I have found no statute expressly setting out such qualifications, I will note Arkansas Constitution, art. 19, § 3, which provides:
 No person shall be elected to or appointed to fill a vacancy in any office who does not possess the qualifications of an elector.
This provision has been held to apply to city officers, Thomasv. Sitton, 213 Ark. 816, 212 S.W.2d 710 (1948), and has been interpreted to require residence in the "political subdivision" to be served by the elected official. Davis v. Holt,304 Ark. 619, 804 S.W.2d 362 (1991).
In addition, I will note the provisions of A.C.A. § 14-42-103, which addresses the filling of vacancies in municipal offices. It provides as follows:
 (a) Vacancies in municipal offices which are authorized by state law to be filled by appointment by the city or town governing body shall require a majority vote of the remaining members of the governing body. However, there must always be a majority of a quorum of the whole number of the governing body to fill the vacancy.
 (b) The governing body may appoint any qualified elector, including members of a governing body, to fill the vacancy. However, a member of the governing body shall not vote on his own appointment.
Without clarification of the precise focus of your question, I am unable to supply any additional information as to the qualification requirements about which you inquire.
Question 5 — Is the person chosen to fill the remaining time ofthe city clerk's term eligible to run as a candidate in the nextelection for this city clerk position?
I can find no state law prohibition in this regard. The prohibition found in Arkansas Constitution, Amendment 29, § 2 is sometimes invoked to prohibit appointed officer holders from succeeding themselves in office. It provides in pertinent part that "No person appointed under Section 1 [of Amendment 29] shall be eligible for appointment or election to succeed himself." Section 1 of Amendment 29 states that: "Vacancies in the office of United States Senator, and in all elective state, district, circuit, county, and township offices except those of Lieutenant Governor, Member of the General Assembly and Representative in the Congress of the United States, shall be filled by appointment by the Governor." As one of my predecessors stated in Op. Att'y Gen. 1999-242:
 Please note that [Arkansas Constitution] Amendment 29
has no applicability to municipal offices. Johnson County Board of Election Commissioners v. Holman, 280 Ark. 128, 655 S.W.2d 408 (1983). There is no constitutional impediment to appointed municipal officers succeeding themselves.
Id. at 2.
In addition, I can find no state statutory impediment to an appointed city clerk in a mayor council form of government from running to succeed himself or herself in office.
Question 6 — In accordance with A.C.A. § 14-43-412, the"successor shall be elected for the unexpired term at the firstannual election that occurs after the vacancy shall havehappened." When is the "first annual election" in the instantcase where the period to file as a candidate for city clerk forthe upcoming November election is closed? Could the 2008 electionbe defined as the "first annual election" in the instant case?
After the initial appointment by the city council to fill the vacancy under A.C.A. § 14-43-412(a), subsection (b), as you note, provides that "a successor should be elected for the unexpired term at the first annual election that occurs after the vacancy shall have happened." My predecessor has noted that A.C.A. §14-43-412(b) contains an "out-dated reference" to annual elections. See Op. Att'y Gen. 2000-087. Section 14-43-412 was originally passed in 1875, at a time when municipal officials were elected annually. It has not been amended since the adoption of later statutes providing for the election of municipal officials at the regular biennial general election. See A.C.A. § 14-43-201.
You have indicated that the election of municipal officers in Ward is on a nonpartisan basis (without the holding of primaries), but that the City has adopted an early filing deadline for municipal officers as allowed at A.C.A. §14-42-206(e)(1)(B) (Supp. 2005). Although the general election is not until November, the filing deadline has thus passed for the next regular election. Presumably, no one filed for this office before that deadline, because the clerk was in the middle of serving a four-year term. Although I have found no Arkansas precedent on this precise question, in my opinion there is no mechanism in place, absent judicial intervention, to re-open or extend the filing deadline to allow the filling of this office at the November 2006 election. As a consequence, in my opinion, the November 2008 election is the first election at which a successor to the city council appointee could be elected. Cf. also, Lordv. Papp, 51 Mich. App. 10, 214 N.W.2d 321 (1973) (where vacancy in circuit judgeship did not occur until after deadline for filing petitions to run in next general election, appointed successor served until the following general election).
Question 7 — Similarly, for how long is the person appointed bythe City Council to fill the vacancy of the city clerk's officeallowed to continue in this municipal office?
In my opinion, because the vacancy has occurred too late to fill the office at the first regular election occurring after the vacancy, the city council appointee serves for the balance of the unexpired term, which ends in 2008.
Deputy Attorney General Elana C. Wills prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB: ECW/cyh
[1] Subsection (b) of A.C.A. § 14-43-412 states that the "successor shall be elected for the unexpired term at the first annual election that occurs after the vacancy shall have happened."